HELEN E. GAULDEN, *Appellant,* v. HARRIET, E. WARNOCK, EXECUTRIX, ET AL., *Appellees.*

Opinion Filed May 1, 1920.

An instrument in writing duly executed giving a married woman's "consent" to a lien upon her separate property to secure her husband's debt, is ineffectual as a lien after a suit to enforce such a lien has been barred by the statute of limitations.

An Appeal from the Circuit Court for Brevard County, James W. Perkins, Judge.

Order reversed.

*L. S. Gaulden,* for Appellant;

*James I. Mitchell,* for Appellees.

WHITFIELD, J.—On March 11, 1918, a bill of complaint was filed to enforce a mortgage lien upon lands constituting the separate property of a married woman, which mortgage was duly executed under seal with two witnesses November 12, 1890, by the married woman and her husband and duly acknowledged by the wife to secure a note payable in three years made by them November 12, 1890. The husband died March 2, 1912. The appellant took an appeal from an order overruling her separate demurrer to the bill of complaint.

The joint note as to the wife was a nullity and the mortgage, which was "duly executed according to the law respecting conveyances by married women," was in effect a lien upon "the separate property of the wife," to secure a debt of her husband evidenced by the note.

The constitution provides that "all property real and personal, of a wife owned by her before marriage, or lawfully acquired afterwards by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing, executed according to the law respecting conveyances by married women. Sec. 1, Art. XI Const.

The statutes contain the following provisions:

"No estate or interest of freehold, or for a term of years of more than two years, or any uncertain interest of, in or out of any messuages, lands, tenements or hereditaments shall be created, made, granted, transferred or released in any other manner than by deed in writing, signed, sealed and delivered in the presence of at least

two subscribing witnesses by the party creating, making, granting, conveying, transferring or releasing such estate, interest, or term of years, or by his agent thereunto lawfully authorized, unless by will and testament, or other testamentary appointment, duly made according to law; and no estate or interest, either of freehold, or of term of years other than terms of year of not more than two years, or any uncertain interest of, in, to or out of any lands, tenements, messuages or hereditaments, shall be assigned or surrendered unless it be by deed, signed, sealed and delivered in the presence of at least two subscribing witnesses, by the party so assigning or surrendering, or by his agent thereto lawfully authorized, or by the act and operation of law." Sec. 2448, Gen. Stats. 1906. See also Secs. 2449, 2450 and 2451, Gen. Stats. 1906.

"Any married woman owning real property may sell, convey or mortgage it as she might do if she were not married, provided her husband join in such sale, conveyance or mortgage." Sec. 2460, Gen. Stats. 1906.

"To render such sale, conveyance, mortgage or relinquishment, whether of separate estate or of dower, effectual to pass a married woman's estate or right, she must acknowledge, before some officer authorized to take acknowledgement of deeds, separately and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements." Sec. 2462, Gen. Stats. 1906.

"A mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession." Sec. 2495, Gen. Stats. 1906.

"Actions other than those for the recovery of real property can only be commenced as follows:

"1. Within Twenty Years.—An Action upon a judgment or decree of a court of record in the State of Florida, and an action upon any contract, obligation, or liability founded upon an instrument or writing under seal." Sec. 1725, Gen. Stats. 1906.

The mortgage upon "the separate property" of the married woman being duly "executed according to the law respecting conveyances by married women," was in effect a giving of "her consent" to making "her separate property" "liable for the debts of her husband," as required by the constitution. The mortgage duly executed and acknowledged evidenced the "consent" of the wife "given by an instrument in writing" to a lien upon her separate property to secure the husband's debt so long and only so long as the instrument remained enforceable under the statute of limitations. Payments made on the debt of the husband or promises made by her during coverture to pay his debt did not change the nature and extent or duration of the lien that could be renewed or extended only by the method prescribed by the constitution by which a married woman may "consent" to make "her separate property" "liable for the debts of her husband."

In this case the "consent" of the married woman to make her separate property liable for the debt of her husband, was "given" by the due execution of a mortgage lien on November 12, 1890, which instrument under the law was not a binding lien after it was barred by the statute of limitations. The suit to enforce this lien was not instituted until more than twenty years after the date of the mortgage and more than twenty years after

the maturity of the notes.   As the instrument in writing duly executed, giving the married woman's "consent" to a lien upon her separate property for her husband's debt, was ineffectual as a lien after a suit to enforce it was barred by the statute, the appellant's demurrer to the bill of complaint should have been sustained.   In Phifer v. Abbott, 73 Fla. 402, the mortgagor was not a married woman.

Order reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.