ALICE L. FROSEN, HER HUSBAND, *Appellants*, v. JOHN CAPO, *Appellee*.

Division B.

Opinion Filed October 9, 1924.

Petition for Rehearing Denied October 30, 1924.

The separate real or personal property of a married woman may be charged in equity and sold as provided in Section 2 of Article II of our Constitution for the price of *any* property purchased by her.

An Appeal from the Circuit Court for Duval County, George Couper Gibbs, Judge.

Order affirmed.

*Austin Miller* for Appellants;

*MacWilliams & Perry*, for Appellees.

TERRELL, J.—February 26th, 1920, Alice B. Plunkett entered into an agreement with John Capo and J. H. Ortagus to sell them, the said Capo and Ortagus certain lands in Duval County by terms and description therein specifically set out.

July 12th, 1920, J. H. Ortagus sold and assigned all his right, title and interest in said agreement to John Capo, the plaintiff in this cause. Some time after the date of said agreement, Alice B. Plunkett was legally married to one Bossert and afterwards to one J. H. Frosen when she become Alice L. Frosen, the defendant in this suit.

In December 1921, Alice L. Frosen, then Alice L. Bos-

sert, entered into an agreement with John Capo whereby Alice L. Frosen took over all the right, title and interest of John Capo in and to the lands described in the original contract herein, entered into possession thereof, and agreed to sell the said lands within a reasonable time for cash and from the proceeds thereof, pay the said John Capo the sum of $1500.00.

After taking possession of the lands so purchased or the right therein from John Capo, Alice L. Frosen refused and still refuses to sell or make any effort to sell the same, or to pay the said John Capo the $1500.00 purchase price for his interest therein, though she has had numerous offers to purchase the said lands from persons financially able and willing to buy them. No security appears to have been given for the $1500.00, and the agreement under which it was to be paid to Capo for his interest in the lands in question was a verbal one.

The bill prays for a lien against the lands involved in favor of John Capo; that said lands be sold under direction of the court, and that Capo be paid the sum of $1500.00 from the proceeds thereof. Demurrer to the bill was overruled and appeal was taken to this court.

Appellant contends that the bill of complaint seeks to alter by word of mouth an instrument under seal, that the verbal agreement on which this action is based is contrary to the Statute of Frauds, that complainant has a clear legal remedy, and seeks to violate Section 2 of Article II of the Constitution of Florida.

The record discloses that Capo, the complainant, was legally in possession of the property by virtue of the contract of February 26, 1920, which at least gave him an equity therein, that he had paid a substantial sum to Frosen, the defendant, under the terms thereof, that he had not breached any of the terms of said contract, that

Frosen proposed to pay Capo $1500.00 *for his interest in the lands covered by said contract* if he would give her possession at once, that said proposition was accepted and possession given, and that the lands were to be sold by Frosen in a reasonable time and $1500.00 paid to Capo from the proceeds of the sale.

The parole contract had the effect of conveying to Frosen all the right, title and interest of Capo in and to the lands covered by the original contract, delivery and possession passed to Frosen, no lien was reserved and no security was taken for the purchase price except the personal obligation of the grantee.; This we think was a complete independent contract, by which the original contract was abandoned and the complainant Capo has his right under the law to subject the lands in equity to the payment of the purchase money, no intervening equities being shown. Johnson v. McKinnon, 45 Fla. 388, text 400, 34 South. Rep. 272; McKinnon v. Johnson, 54 Fla. 538, 45 South. Rep. 451; Shaylor v. Cloud, 63 Fla. 608, 57 South. Rep. 666, 39 L. R. A. (N. S.) 1171; 17 R. C. L. 598.

It seems to be conceded that the defendant Frosen was at the time of the institution of this suit and at the time of the making of the parole agreement herein a married woman. If this be true and the lands in question were her separate property, they may be charged in equity and sold as provided in Section 2 of Article II of our Constitution relating to married women's property, as the $1500.00 was clearly "the price of any property purchased by her" from Capo.

For the reasons assigned herein, we think that there was equity in bill of complaint, and the order of the Chancellor is therefore affirmed.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.