CHARLES F. BARRETT, JR., *Appellant,* v. EMMA A. HOWARD and her husband, E. C. HOWARD, *Appellees.*

Division B.

Opinion filed April 16, 1929.

*Marion E. Sibley, Burwell, Barrett & Sibley* and *Charles F. Barrett, Jr.,* for Appellant;

*H. H. Eyles,* for Appellees.

WHITFIELD, P. J.—By an amended bill of complaint, Charles F. Barrett, Jr., alleges in substance that the defendant Emma A. Howard, a married woman, on March 23, 1926, being indebted to complainant in the sum of $16,-658.33 for the purchase price of described real estate, which said Emma A. Howard purchased for herself as her sole and separate statutory property; that being so indebted for such purchase price, she executed and delivered to complainant for the purpose of evidencing said indebtedness, her three certain promissory notes each for $5,552.77, payable respectively on or before one, two and three years after March 23, 1926, with interest at 8% per annum, payable semiannually; that said Emma A. Howard also executed and delivered to complainant "a certain collateral agreement" "in which the aforesaid promissory notes were expressly referred to and identified, and it was provided and stipulated that should the defendant, Emma A. Howard, fail to pay any of the sums of money referred to in said agreement, or if each and every of the stipulations, agreements, conditions and covenants of said promissory notes and this deed, or either, should not be fully performed by the said defendant, Emma A. Howard, and such default should continue for thirty days, then and in that event the aggregate sum mentioned in said promissory notes should become due and payable forthwith or thereafter at the option of the mortgagee"; that Emma A. Howard failed to make payments as agreed and "complainant did elect to exercise his option to declare the entire aggregate amount of the indebtedness as due and payable"; that the "described property was purchased by the said Emma A. Howard solely, and the said

property was conveyed to the said Emma A. Howard, and became her separate statutory property; that the said property was sold to said defendant, Emma A. Howard, in good faith on her credit and representations; that she, at the time said property was purchased by her and conveyed to her, was the owner of a large and valuable separate statutory estate, consisting of both real and personal property; that the obligation of the said Emma A. Howard to pay the purchase price of said property so purchased by and conveyed to the said Emma A. Howard, was assumed by her solely upon her credit; that it was the purpose and intent of the said Emma A. Howard to assume solely the obligation to pay the purchase price of said property; that prior to and at the time of the purchase by the said Emma A. Howard of the above described property, the said Emma A Howard operated and traded extensively in real estate in Miami, Dade County, Florida, and the surrounding territory, and was seized and possessed in her own name and right as her separate statutory property of real estate and personal property in Dade County, Florida, and the surrounding territory; that these facts were known at the time the above described property was sold to the said Emma A. Howard, and that the sale of said property to the said Emma A. Howard was made in reliance upon the fact that she was the owner of said separate statutory property out of which the aforesaid indebtedness could be collected and upon which it could be charged''; that ''at the time of the execution and delivery by the said Emma A. Howard of the aforesaid promissory notes evidencing the indebtedness of the said Emma A. Howard to your complainant for the purchase price of the above described property, which was conveyed to the said Emma A. Howard, and became a part and parcel of her separate statutory estate, and at the time of the execution

and delivery by the said Emma A. Howard of the aforesaid collateral agreement, the said defendant, E. G. Howard, the husband of the said Emma A. Howard, consented to the execution and delivery by his said wife, Emma A. Howard, of the said promissory notes and collateral agreement aforesaid; that the said E. C. Howard, as husband of Emma A. Howard, manifested and signified his consent to her execution and delivery of the aforesaid promissory notes and collateral agreement by joining with his wife, Emma A. Howard, in the execution thereof; that the said E. C. Howard joined in the execution of said promissory notes and collateral agreement merely in his capacity as husband of the said Emma A. Howard for the purpose of signifiying his consent to the execution of said promissory notes and collateral agreement by his said wife and for no other purpose''; that Emma A. Howard was on March 23, 1926, and now ''is seized and possessed in fee simple'' described lands ''in Dade County, Florida''; ''that said property was on said date and is now the separate statutory property of the said Emma A. Howard''; ''that there are divers mortgages now outstanding against the above described property, (here sought to be charged) the exact amounts of which are unknown to your complainant, but are known to the defendant, Emma A. Howard, but your complainant avers and alleges that each of the above described pieces and parcels of real estate are worth in excess of the amounts of the mortgages outstanding against each of the said parcels of real estate''; ''that as part of the consideration for the purchase of the above described property, the said defendant, Emma A. Howard, under the terms of the said promissory notes and the said collateral agreement above referred to, obligated herself to pay reasonable attorney's fees if the said indebtedness of the said Emma A. Howard to your complainant

for the purchase price of the property hereinabove described had to be collected upon demand of an attorney or suit had to be brought for the collection thereof; that by reason of the default of the said defendant, Emma A. Howard, in the payment of the indebtedness to your complainant, your complainant has employed solicitors to collect the said indebtedness and has obligated himself to pay said solicitors a reasonable attorney's fees for their services in that behalf; that thereby the obligation of the said Emma A. Howard to pay reasonable attorney's fees has accrued.''

The prayer of the bill of complaint contains the following:

a. That the above described separate statutory property of the defendant, Emma A. Howard, be charged by the decree of this Court with the payment of the above described indebtedness.

b. That an account be taken between complainant and defendant, Emma A. Howard, to determine the amounts due by the defendant, Emma A. Howard, to your complainant, as the purchase price of property purchased by her as set forth in this bill of complaint.

c. That this Court by its decree order the defendant, Emma A. Howard, to pay to your complainant the amounts found to be due as aforesaid, upon a short day fixed by the Court; that upon default by the defendant, Emma A. Howard, to make payment of the above named sum on said date, the above described property may be sold by order of this Honorable Court for the purpose of paying the above described indebtedness, together with the costs and reasonable attorney's fees.

d. That this Court by its decree charge the rents, issues and profits arising from the above described sep-

arate statutory property of the said defendant, Emma A. Howard, for the payment of the above described indebtedness, and that a receiver be appointed by this Court to immediately take charge of the above described property, and to collect the rents and profits thereof and to hold the sum subject to the order of this Court.

The three notes are expressly made a part of the bill of complaint. Each note is signed: "Emma. A. Howard (Seal) E. C. Howard (Seal)." Each note provides for "reasonable attorney's fees." The "collateral agreement" is attached to the bill of complaint as Exhibit D. It is stated in the bill of complaint that the "collateral agreement" contains a provision that upon failure of Emma A. Howard to make agreed payments the entire debt shall become due and payable "at the option of the mortgage." The "collateral agreement" is on its face a "Mortgage Deed" and it is in law and in fact a mortgage, executed by Emma A. Howard and E. C. Howard, covering the real estate alleged in the bill of complaint to have been purchased from the complainant by Emma A. Howard "for herself as her sole and separate property." The said Exhibit D contains the following:

THIS MORTGAGE DEED, Executed the 23rd day of March, A. D. 1926, by Emma A. Howard, joined by her husband, E. C. Howard, hereinafter called the Mortgagors, to Chas. F. Barrett, Jr., hereinafter called the Mortgagee.

WITNESSETH, That for divers good and valuable considerations, and also in consideration of the aggregate sum named in the promissory note of even date herewith, hereinafter described, the same Mortgagors do grant, bargain, sell, alien, remise, convey and con-

firm unto the said Mortgagee, his heirs and assigns in fee simple, all the certain tract of land, of which the said Mortgagors are now seized and possessed, and in actual possession, situate in Dade County, State of Florida, described as follows:

Lots Ten (10) and Eleven (11) Block Six (6) PAS-EDENA PARK, an Addition to the City of Miami, Florida, according to a Plat thereof recorded in Plat Book 6, page 59, Public Records of Dade County, Florida.

This mortgage is a first mortgage upon the property herein described, and is a purchase money mortgage.

AND the said Mortgagors, for themselves and their heirs, legal representatives and assigns, hereby covenant and agree:

1. To pay all and singular the principal and interest and other sums of money payable by virtue of said promissory notes and this deed, or either, promptly on the days respectively the same severally become due.

3. To pay all and singular the costs, charges and expenses, including lawyer's fees, reasonably incurred or paid at any time by said Mortgagee, his heirs, legal representatives or assigns, because of the failure on the part of the said mortgagors, their heirs, legal representatives or assigns to perform, comply with and abide by each and every of the stipulations, agreements, conditions and covenants of said promissory notes.

7. If any of said sums of money herein referred to be not promptly paid within thirty days next after the same severally become due and payable, or if each and every the stipulations, agreements, conditions and covenants of said promissory notes and this deed or either are not fully performed, complied with and abided by,

the said aggregate sum mentioned in said promissory notes shall become due and payable forthwith or thereafter at the option of the mortgagee, his heirs, legal representatives or assigns.

Demurrers to the amended bill of complaint were sustained and the complainant appealed.

This suit was brought upon the theory that even though a married woman joined by her husband had duly executed a mortgage upon described real estate for the purchase price thereof, which property she had purchased and which had been conveyed to her as and for her separate property, yet the holder of the mortgage may, without enforcing the mortgage lien by foreclosure proceedings as authorized by the statutes of the State, proceed under Sec. 2, Art. XI of the Constitution to "charge in equity" other "separate property" of the married woman for the price of the property purchased by her and duly mortgaged to secure the purchase price thereof.

Even if in the proceedings in equity that is expressly authorized by the Constitution, an alleged indebtedness of a married woman may be accelerated for payment before its due date, and even if in such proceedings attorney fees may be imposed, the bill of complaint in this case cannot be maintained.

The provisions of Section 2, Article XI of the Constitution of 1885, that a married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for stated classes of debts incurred by her, do not contemplate the use of the remedy therein provided for, even against the property purchased by a married woman, "for the purchase money thereof," when such purchase money is secured by a mortgage upon the purchased property executed by the married woman and her husband as provided by the statutes in

force when the Constitution of 1885 was adopted. See Frosen v. Capo, 88 Fla. 236, 102 So. R. 158. See also Citizens Bank & Trust Co. v. Smith, Blood v. Hunt; Blood v. Huey, this day filed.

Affirmed.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.