CITIZENS BANK AND TRUST COMPANY, a Corporation, *Appellant,* v. ELLA B. SMITH and her Husband, FRED L. SMITH, and AMERICAN BANK AND TRUST COMPANY, *Appellees.*

Division B.

Opinion filed April 16, 1929.

Petition for rehearing denied July 18, 1929.

602

*Pemberton & Peacock,* for Appellant;

*Wm. G. King* and *Merle E. Rudy,* for Appellees.

WHITFIELD, P. J.—A bill was brought September 22, 1927, by Citizens Bank and Trust Company to subject separate property and separate estate of a married woman for the price of property purchased by her.

It is in substance alleged that complainant Bank and Trust Company is the holder of a promissory note signed by the defendant Ella B. Smith and her husband, Fred L. Smith, for $9,000.00, which note was before maturity and for valuable consideration sold and assigned to complainant by the Kennedy Corporation, a copy of the note being made a part of the bill of complaint; that the note represents an indebtedness and obligation incurred for the purchase price of a ninety-nine-year lease upon described real estate purchased by the defendant Ella B. Smith from the Kennedy Corporation; that the lease was sold and assigned to Ella B. Smith on her sole credit and not on credit of her husband, Fred L. Smith, who is insolvent, and no part of the note has been paid nor has any part of the balance of $9,000 on the purchase price of said lease been paid; that the said indebtedness is for property purchased by the defendant Ella B. Smith as stated; that the defendant Ella B. Smith is seized and possessed of separate statutory real property in Pinellas

County, Florida, description being given; that the defendant Ella B. Smith is also the owner of another ninety-nine-year lease covering described real estate, the said lease having been assigned by the said Ella B. Smith to the defendant American Bank and Trust Company, a corporation, the said lease being held by the said corporation as trustee for the defendant Ella B. Smith, and being the "equitable separate property" of the defendant Ella B. Smith.

It is prayed that an accounting may be had between complainant and defendant Ella B. Smith, and the amount due complainant by said defendant determined and the said defendant ordered to pay the same, and that in the event the same be not paid that "the property hereinabove described be charged with said indebtedness and sold" by the order of the Court for payment of the same; that the defendant Ella B. Smith be decreed to be the owner of the ninety-nine-year leasehold interest that she assigned to the bank, and that the defendant American Bank and Trust Company may be decreed to hold said lease-hold interest as trustee for the defendant Ella B. Smith, and for general relief. There is no prayer for attorney fee.

The promissory note made a part of the bill of complaint is as follows:

$9000.00             St. Petersburg, Fla., July 1st, 1926.
On or before one year after date we promise to pay to the order of
THE KENNEDY CORPORATION
NINE THOUSAND ($9000.00) and no/100 DOLLARS, at First National Bank of St. Petersburg, Florida
For value received, with interest from date at the rate of eight per cent per annum, payable semi-annually. Now should it be necessary to collect this note through an attorney, either of us, whether maker, security or endorser on this note, hereby agree to pay all costs of

such collection, including a reasonable attorney's fee. The drawers and endorsers severally waive presentment for payment, protest and notice of protest for non-payment of this note.

Ella B. Smith<br>Fred L. Smith

(ENDORSED ON BACK OF NOTE)
The Kennedy Corporation
by J. Kennedy Block
    President.

A demurrer to the bill of complaint was sustained and the bill dismissed. Complainant appealed.

Section 2, Article XI of the Constitution of 1885, in effect provides that a married woman's separate real and personal property may be charged in equity and sold, or the uses, rents and profits thereof may be sequestrated (1) for the purchase money thereof; or (2) for money or thing due upon any agreement made by her in writing for the benefit of her separate property; or (3) for the price of any property purchased by her; or (4) for the value of labor and material used with her knowledge or assent in the construction of buildings, or repairs, or improvements upon her property; or (5) for the value of agricultural or other labor bestowed upon her separate property with her knowledge and consent. The intent of the organic provision is not to authorize married women to contract generally with reference to their separate property, but to define a remedy in equity against the separate real and personal property of a married woman for stated debts or obligations incurred by her or for the benefit of her separate property in the manner designated in the specifically stated five classes of cases where the organic and statute law of the State has not afforded such remedy, (though courts of equity had given similar remedies), and where mortgage liens to secure such

debts or obligations are not given as authorized by organic or statutory provisions. This section provides for five distinct classes of cases in which a married woman's separate property may be charged in equity for debts incurred by her. The language was carefully chosen and a field of operation should be accorded to each of the five designated classes of cases. It is not likely that any particular obligation will fall within more than one of the designated classifications; so that the remedy will ordinarily operate upon each case as coming within one and only one of the enumerated classes of cases. If a case more properly comes within one of the specified classes of cases, the remedy that is appropriate to that class only should be invoked.

It is appropriate here to consider the provisions of Sec. 2, Art. XI of the Constitution with reference to two of the classes of cases specified therein, the first part of the section being repeated so as to show its relation to each of the two provisions here discussed, viz.: "A married woman's separate real and personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the purchase money thereof." "A married woman's separate real and personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated  *  *  *  for the price of any property purchased by her."

The first provision above quoted making a married woman's separate property subject in equity "for the purchase money thereof," is intended to apply where property purchased by a married woman remains hers in kind, and is not commingled with her other separate property, as lands or interests therein, or personal property retaining its identity; and where no mortgage has been given to secure the purchase price. In such cases the property purchased by the married woman (and not her other separate prop-

erty) may under this provision be subjected in equity "for the purchase money thereof," where she has given no mortgage lien to secure the purchase price.

The provision last quoted above making a married woman's separate property subject in equity "for the price of any property purchased by her," is intended to apply where the real or personal property purchased by a married woman has been disposed of or has been lost or consumed, or where personal property purchased by her has been so commingled with, or used for the benefit of, her other separate property, that the property purchased, but not paid for, has lost its identity or is otherwise not available to be charged in equity for its price, and no mortgage was given by the married woman to secure the price of the property purchased by her. In such cases any separate property of the married woman may be charged in equity "for the price of any property purchased by her," at least in the absence of a superior equity. See First Nat. Bank v. Herschkowitz, 46 Fla. 588, 35 So. R. 22; Halle v. Einstein, 34 Fla. 589, 16 So. R. 554. While Sec. 2 Art. XI of the Constitution, does not remove the common law disability of a married woman to contract, and does not authorize a married woman to contract generally or to make promissory notes that may be enforced against her personally either at law or in equity, yet such section does specifically authorize courts of equity to charge the separate property of a married woman for the payment of stated classes of indebtedness incurred by such married women; and notes given by her for such indebtedness may be used as evidence when her separate property is being charged in equity for the debts specified in the Constitution.

In this case it is alleged that the indebtedness incurred by the defendant married woman is for the price of property purchsed by her; and though a promissory note exe-

cuted by the married woman and her husband is made a part of the bill of complaint, it is alleged that the note represents an indebtedness and obligation incurred for the purchase price of a ninety-nine year lease upon described real estate, that the lease was assigned to the married woman on her sole credit, and that said indebtedness is for such property purchased by the married woman. These allegations are admitted by the demurrer. This suit could not be maintained merely to subject the married woman's separate property to the payment of the promissory note signed by her and her husband, since her note *as such* is not enforceable against her at law or in equity. It does not appear that a mortgage was given to secure the payment of the note. As the indebtedness for the purchase price is not secured by mortgage, the suit may be maintained to charge in equity the ninety-nine year lease purchased by the married woman as her separate property, for the payment of the ''purchase money thereof.'' See Frosin v. Capo, 88 Fla. 236, 102 So. R. 158.

The right of the complainant is to charge in equity the property purchased by the married woman defendant, ''for the purchase money thereof.'' Other separate property of the married woman cannot be also subjected to the complainant's demand under another class of cases, viz: ''for the price of any property purchased by her,'' since the case properly comes under the first class, and it must be confined to its appropriate class under Sec. 2, Art. XI of the Constitution of 1885. See Blood v. Hunt, Blood v. Huey and Barrett v. Howard, decided at this term, in each of which cases the indebtedness of a married woman for the price of property purchased by her was secured by a mortgage executed by the husband and wife.

The decree is reversed for appropriate proceedings.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.