ADELE M. MORGAN, joined by her Husband, JAMES J. MORGAN, *Appellants*, v. ELVA A. SIMPSON, *Appellee*.

Division B.

Opinion filed December 30, 1929.

*Parkinson, Frederick & Reigle,* for Appellants;

*Sholtz, Green & West,* for Appellee.

BUFORD, J.—In this case Adele M. Morgan entered into a contract with Elva A. Simpson whereby the former agreed to purchase a certain parcel of land for the agreed price of $27,400.00. She paid $6,850.00 cash and gave her written agreement to pay the balance. She did not pay the balance. Adele M. Morgan was a married woman. She had not been adjudged and constituted a free dealer. She owned other property.

After default in payment Elva A. Simpson filed suit in equity to subject other separate statutory property of Mrs. Morgan to the payment of the balance of the purchase price of the land. The title to the land had remained in Simpson and had not passed to Mrs. Morgan. There was no benefit to the separate statutory estate of Mrs. Morgan resulting from the contract to purchase the real estate.

If the title to the property involved in the agreement for purchase had passed to Mrs. Morgan and had remained vested in her, Simpson could have subjected that property to the payment of the obligation under authority of the opinion in the case of Citizens Bank & Trust Company v. Smith, 121 So. R. 900, and cases there cited. Also see Blood v. Hunt, 121 So R. 886.

As no property passed to the married woman and she gave only her naked written agreement to make the deferred payments, which agreement, at best, was no more than a written promise to pay, and being executed by the married woman alone, such agreement was void.

In Blood v. Hunt, *supra,* this Court, speaking through Mr. Justice WHITFIELD, say:

"Section 2, Art. II, provides for five distinct classes of cases in which a married woman's separate property may be charged for debts incurred by her. The remedy afforded by the section will ordinarily operate upon each case as coming within one, and only one, of the enumerated classes of cases. If a case more properly comes within one of the specified classes of cases, the remedy appropriate to that class only should be invoked. See Citizens Bank & Trust Co. v. Smith, 121 So. R. 900, filed this day.

At common law a married woman had, in general, no power to make contracts that would be legally binding upon her personally, and consequently at common law a promissory note made by a married woman alone is void; and a mortgage executed by a married woman and her husband upon her separate property to secure the payment *eo nomine* of a note signed by the married woman alone is a nullity. See Hodges v. Price, 18 Fla. 342. See also Lewis v. Yale, 4 Fla. 418; Dollner, Potter & Co. v. Snow, 16 Fla. 86; Equitable B. &. L. v. King, 48 Fla. 252, 37 So. R. 181. This is in general now the law in Florida, Virginia-Carolina Chem. Co. v. Fisher, 58 Fla. 377, 50 So. R. 504, except as to married women who are duly authorized to become free dealers under the statute, Sections 5024-5028, Comp. Gen. Laws, 1927; Graham v. Tucker, 56 Fla. 307, 47 So. R. 563, 19 L. R. A. (N. S.) 531, 131 Am. St. R. 124; Lerch v. Barnes, 61 Fla. 672, 54 So. R. 763, or except as married women's rights and liabilities are affected by Section 2, Art. XI, Constitution of 1885. Micou v. McDonald, 55 Fla. 776, 46 So. 291. A promissory note duly signed by a married woman and her husband may be good as to the husband, though not as to the wife. A mortgage duly executed as required by Section 1, Art. XI of the

Constitution, Sections 5674-5676, Comp. Gen. Laws 1927, by the husband and wife upon her separate property to secure the payment of a debt due by her or by her husband may be good. Mattair v. Card, 18 Fla. 761; Cobb v. Bear, 57 Fla. 370, 49 So. R. 29; Ocklawaha River Farms v. Young, 73 Fla. 159, 74 So. R. 644, L. R. A. 1917F 337; Walker v. Heege, 78 Fla. 667, 83 So. R. 605; Gaulden v. Warnock, 79 Fla. 669, 84 So. R. 603. See also Bailey v. Smith, 89 Fla. 303, 103 So. R. 833.''

In this case the agreement made the basis of the suit is a nullity and was unenforceable as against either party, either at law or in equity. See Fisher v. Parker, 112 So. R. 62.

The orders appealed from should be reversed and the cause remanded with directions to the chancellor to dismiss the bill, and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.