H. H. LOW, *Appellant*, vs. GERTRUDE E. LORD, joined by her husband and next friend, J. W. LORD, *Appellees*.

En Banc.

Opinion filed March 5, 1931.

*Sholtz, Green & West* and *L. N. Green*, for Appellant;
*R. W. Ware* and *Scarlett, Jordan, Futch & Fielding*, for Appellees.

PER CURIAM.—In this case a bill in equity was filed to subject the separate statutory property of a married woman to the payment of a deficiency due to the complainant as the balance of the purchase price of certain real estate purchased by the married woman from the complainant after having foreclosed a mortgage given by the married woman, joined by her husband, on the real estate purchased and applying the proceeds of the sale under foreclosure to the payment of the note and mortgage.

The appeal is from an order overruling and denying exceptions to parts of the answer.

The question sought to be determined is:

When a married woman, joined by her husband, has

executed a mortgage on designated real estate which had been conveyed to her as her separate property, as security for the purchase price thereof, does section 2 Article XI of the Constitution contemplate that in addition to such mortgage security the mortgage holder may subject in equity any other separate property of the married woman for the debt which is secured by the mortgage?

This question was definitely decided contrary to the contention of the appellant by this Court in the case of Barrett vs. Howard, et al., 97 Fla. 582, 121 Sou. 898.

The order appealed from should be affirmed with directions that the bill of complaint be dismissed under authority of the opinion in that case. It is so ordered.

Dismissed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.