ANNIE J. CORNELL and JOHN G. CORNELL, *Appellants,* vs. WALLACE RUFF, *Appellee.*

141 So. 535.

Division B.

Opinion filed May 12, 1932.

Ross Williams, for Appellants;

A. B. Small and Wallace Ruff, for Appellee.

TERRELL, J.—In December 1925, appellant, Annie J. Cornell, representing herself to be a widow, made a contract with appellee to sell him Lot 2, of Block 3, of Orchard Villa, according to Platbook 2 page 53, public records of Dade County, Florida, with improvements thereon. The consideration named in the contract was $11,500. of which $7,333.18 with interest was paid. With a portion of the proceeds thus paid appellant purchased Lot 4, Block 4, Crestwood, according to Platbook 8, page 7 of the public records of Dade County. In April 1929, appellee, as complainant below, having discovered that appellant, Annie J. Cornell, was then and was at the time the contract was entered into, a married woman, instituted this suit to' rescind the said contract on the ground of fraud and to impress and enforce a constructive trust on the last described lot. A final decree in conformity with the prayer of the bill of complaint resulted, the lands sold for $2,000, and on confirmation of the master's report the Chancellor entered a deficiency decree for $7,819.68 with interest in favor of complainant. This appeal was prosecuted from that final decree.

Appellants urge three questions in this Court, viz: (1) There was no equity in the bill of complaint. (2) If appellee was entitled to any relief it was limited to Lot 2,

Block 3, of Orchard Villa, according to Platbook 7, page 53, public records of Dade County, and (3) That part of the final decree embodying the deficiency decree was null and void.

It is not controverted that when Mrs. Cornell made the contract to sell with appellee she was in fact laboring under the disability of coverture though she represented herself to be a feme sole. Under such a state of facts the law is too well settled to require citation of authority to support it that her deed or contract was ineffective and could not be enforced. Section 3801 Revised General Statutes of 1920 (Section 5674 Compiled General Laws of 1927). Carn v. Haisley 22 Fla. 317.

The marital status of Mrs. Cornell was very material to this transaction and its misrepresentation was well within the rule which accords the vendee the exercise of his option to sue for damages or go into equity and rescind the contract and recover the consideration paid for fraud, mistake, or insolvency of the vendor. Langley vs. Irons Land and Development Co., 94 Fla. 1010, 114 So. 769.

We are also convinced that under the facts in this case both lots described herein could be charged in equity and sold to pay the indebtedness due the appellee. The Orchard Villa lot was the separate statutory property of Mrs. Cornell at the time she practiced her deception on the appellee and the funds received by her from appellee for the spurious sale of said lot were invested in both the Orchard Villa and the Crestwood lots. Both lots, therefore, became her separate statutory property subject to be charged in equity and sold as provided in Section Two of Article Eleven of the Constitution of Florida. Frosen vs. Capo, 88 Fla. 236, 102 So. 158; Citizens Bank & Trust Co. vs. Smith, 97 Fla. 601, 121 So. 900.

As to the deficiency decree it is sufficient to say that this Court has repeatedly held that such a decree against a

married woman amounted to a personal judgment against her which could not be enforced. Randall vs. Bourgandez, 23 Fla. 264, 2 So. 310; Morgan vs. Simpson, 98 Fla. 1155, 125 So. 350, and many others.

This holding is not in conflict with Vance vs. Jacksonville Realty and Mortgage Co. 69 Fla. 33, 67 So. 636; Wheeler vs. Sullivan, 90 Fla. 711, 106 So. 876; and Citizens Bank & Trust Co. vs. Smith, 97 Fla. 601, 121 So. 900, relied on by appellants. In this case appellee's money went into both lots and even though appellant's contract had been void in its inception appellee had a right to enforce the return of his money. Vance v. Jacksonville Realty and Mortgage Co., supra.

It follows that the decree below should be affirmed in part and reversed in part.

Affirmed in part, reversed in part.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., dissents.