MARIKA P. CARAVASIOS, *et vir*, v. VANDERPOOL & COMPANY, INC.

182 So. 603.
Opinion Filed July 6, 1938.

*Roscoe Brunstetter,* for Appellants;

*Geo. L. Patterson,* for Appellee.

BUFORD, J.—Appeal brings for review order denying motion to dismiss Bill of Complaint.

The purpose of the Bill of Complaint was to charge the separate property of the appellant, a married woman, for the payment of the sum of $470.00 paid to the married woman as advance payment on a proposed rental contract for the rentals of certain real property belonging to the married woman.

The plaintiff may recover only under the provisions of Section 2, Article XI, of our Constitution, which provides:

"A married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the purchase money thereof; or for money or thing due upon any agreement made by her in writing for the benefit of her separate property or for the price of any property purchased by her, or for labor and material used with her knowledge or assent in the construction of buildings or repairs or improvements upon

her property, or for agricultural or other labor bestowed thereon, with her knowledge and consent."

This provision of our Constitution provides five classes of cases in which the separate property of a married woman may be charged in equity to satisfy obligations which she has incurred for the benefit of her separate estate. Those classes of cases coming within the purview of this organic provision were enumerated clearly in the opinion prepared by Mr. Justice WHITFIELD in Citizens Bank & Trust Company v. Smith, *et al.*, *97 Fla. 601, 609, 121 Sou. 900, 123 Sou. 699*, wherein it was said:

"Section 2, Article XI, of the Constitution of 1885, in effect provides that a married woman's separate real and personal property may be charged in equity and sold, or the uses, rents and profits thereof may be sequestrated (1) for the purchase money thereof; or (2) for money or thing due upon any agreement made by her in writing for the benefit of her separate property; or (3) for the price of any property purchased by her; or (4) for the value of labor and material used with her knowledge or assent in the construction of buildings, or repairs, or improvements upon her property; or (5) for the value of agricultural or other labor bestowed upon her separate property with her knowledge and consent. 'The intent of the organic provision is not to authorize married women to contract generally with reference to their separate property, but to define a remedy in equity against the separate real and personal property of a married woman for stated debts or obligations incurred by her or for the benefit of her separate property in the manner designated in the specifically stated five classes of cases where the organic and statute law of the State has not afforded such remedy (though courts of equity had given similar remedies), and where mortgage liens to secure such debts or obligations are not given as

authorized by organic or statutory provisions. This section provides for five distinct classes of cases in which a married woman's separate property may be charged in .equity for debts incurred by her. The language was carefully chosen and a field of operation should be accorded to each of the five designated classes of cases. It is not likely that any particular obligation will fall within more than one of the designated classifications; so that the remedy will ordinarily operate upon each case as coming within one and only one of the enumerated classes of cases. If a case more properly comes within one of the specified classes of cases, the remedy that is appropriate to that class only should be invoked."

The bill fails to show that the claim is for purchase money; that is that it is for the purchase price of the property sought to be charged and sequestered or that she has acquired the same and that it has not been paid for; or that the claim is for money or thing due upon an *agreement made by her in writing* for the benefit of her separate property; or that the claim is for the price of any property purchased by her; or that the claim is for labor and material used with her knowledge or assent in the construction of buildings or repairs or improvements upon her separate property, or that the claim is for the value of agricultural or other labor bestowed upon her separate property with her knowledge and consent.

So it is that while the married woman defendant is shown by the allegations of the bill of complaint to have received and held money of the plaintiff which she in equity and good conscience should (if the allegations be true) return to the plaintiff, the allegations are not sufficient to show that the plaintiff has grounds to recover the same in a suit of this sort or that the plaintiff may invoke the court of chancery to recover the same. Plaintiff's officers, when

dealing with a married woman, were charged with knowledge of the legal capacity of a married woman to enter into a binding contract. It was also charged with knowledge that her separate property could not be charged in equity except in limited cases prescribed by the Constitution and that the conditions surrounding this transaction were not such as to bring it within the purview of either of the classes fixed by the Constitution.

This case cannot be disposed of in the manner in which we should like much to have legal justification to dispose of it, but must be disposed of under the inequitable and unfair legal fictions as we find them. The Constitution and statutes as we find them today may have been wise and salutary in the day when they were enacted, when married women handled and conducted little or no business, when they were considered little, if anything, more than mere chattels and when their persons and estates were considered wards and trusts of the husband. But that day is in the past and the position of the married woman in the world of business and social relations has changed. She is now found competing with all men (her husband included) in every endeavor of life, in every business, trade and profession. The necessity, the reason and the logic for the legal disabilities of coverture existing as to married women no longer exist. Such disabilities should, we think, be abolished, but this is the function of the Legislature, not of the Judiciary. The Judiciary remains bound by the established legal fictions in this regard.

Therefore, we must reverse the order and remand the cause with directions to dismiss the bill of complaint.

So ordered.

Reversed and remanded.

WHITFIELD, BROWN and CHAPMAN, J. J., concur.