CROSS, Judge.
Plaintiffs-appellants, Eveline Foulds Holwell also known as Eveline Foulds and Harold M. Holwell, her husband, appeal from a final judgment entered by the court in a non-jury trial in favor of the appel-lees-defendants, Irving Zofnas and Eva Zofnas, his wife, in an action in ejectment. We reverse.
The genesis of this action occurred by the conveyance from Charles R. Gold to one Eveline Foulds, no marital status being mentioned, of the tract of land in dispute.
Gold conveyed this land to Foulds on April 1, 1947, recorded April 2, 1947. Also on April 1, 1947, Foulds conveyed .the land back to Gold, recorded September 12, 1958. Immediately following Foulds’ name in the deed of re-conveyance appeared the words “a single woman.”
Foulds also, no marital status mentioned, conveyed the same tract of land on May 9, 1956, to Elchar Corporation, a Florida corporation. This conveyance was recorded May 14, 1956.
On March 3, 1959, Gold and Elchar Corporation each by separate deed conveyed the property to the Defendants-Zofnas. These deeds were recorded March 19, 1959.
On March 11, 1913, Plaintiff-Foulds married Harold M. Holwell, which marriage has continued to date and during all intervening times. At no time was there a joinder by Foulds’ husband in the deeds executed by Foulds.
At final hearing the trial court entered judgment for the defendants, stating:
“1. That Plaintiffs, Eveline Foulds Holwell, a/k/a Eveline Foulds and Harold M. Holwell, her husband, are es-topped as against the Defendants, Irving Zofnas and Eva Zofnas, his wife, from asserting the invalidity of the deeds of conveyance or quit-claim from the Plaintiff Eveline Foulds to the Defendants’ predecessor in title;
“2. That even though the Plaintiffs should be deemed innocent parties in the circumstances of this case, it was the actions and conduct of the Plaintiff Eve-line Foulds which created the circumstances enabling a third party to perpetrate a fraud or occasion a loss, and Plaintiffs must therefore suffer the consequences as between themselves and Defendants who also were innocent parties without knowledge or notice of such acts and circumstances * * *”
It is from this final judgment that the plaintiffs now appeal.
We have for determination in trilogy of issues. First we must consider whether the lower court erred in failing to grant judgment to the plaintiffs where a married woman’s deed of conveyance conveying real property owned by the married woman was executed and delivered without the joinder of her husband. Second, whether the defendants are entitled to the protection of law afforded to bona fide *255 purchasers for value.without notice; and finally, whether the plaintiffs are estopped as against the defendants from asserting any invalidity of the deeds of conveyance from the plaintiffs to defendants’ predecessor in title.
Florida Statutes 1967, § 693.01,[1] § 708.04 [2] and § 708.08,[3] F.S.A., provide that a deed or real property mortgage by a married woman is not valid without the joinder of her husband. A fortiori, a married woman’s deed without the joinder of her husband is generally said to be void. Cornell v. Ruff, 1932, 105 Fla. 504, 505, 141 So. 535; Phillips v. Lowenstein, 1926, 91 Fla. 89, 107 So. 350; Wilkins v. Lewis, 1919, 78 Fla. 78, 82 So. 762.
A review of the foregoing cases leads us to the only reconcilable conclusion possible under the statutory enactments in force and effect in Florida during the proceedings herein. That conclusion is that the statutes and decisions appertaining render void the deed of a married woman whose husband does not join in its execution.
The recording act affords a substantial amount of protection to purchasers who search and rely on the record title. It does not, however, protect against all claims that might not be revealed by the record title. If it is remembered that the recording act primarily protects subsequent purchasers against claims arising from prior unrecorded instruments, it is apparent that the recording act neither protects nor purports to protect purchasers relying on recorded but void instruments. 1 Boyer, Florida Real Estate Transactions § 2603.
Many interests arise through operation of law as the result of extraneous facts and family relationships that do not have their origin in written instruments and are obviously not within the scope of the typical recording act. These interests persist, however, even as against a subsequent good faith purchaser in spite of the fact that they are not disclosed by the records. Thus one claiming title through a void instrument wherein fraudulent statements are made in the instrument as to marital status of the grantor gets no title, absent a curative statute, although he relies on the record thereof and is ignorant of the fraudulent statement. Gore v. General Properties Corporation, 1942, 149 Fla. 690, 6 So.2d 837, 141 A.L.R. 476. Thus the fact that the defendants were good faith purchasers affords them no solace.
Cases are uniform both in Florida and foreign jurisdictions that married *256 women can legally contract and convey property only as provided by law. Void contracts and conveyances by married women cannot be given effect by the doctrine of estoppel in the absence of a statute permitting it. Phillips v. Lowenstein, supra. The cases to date distinguish those acts and conduct of a married woman in matters where she is legally competent to act. In those matters her acts may operate as an estoppel in pais to her. But where the married woman is not legally able to contract, an estoppel will not operate to give her that legal capacity or competency.
In the instant case, since the plaintiff, Eveline Foulds Holwell, was married to the plaintiff, Harold M. Holwell, in ■1913, and that marriage continued up to the date of the conveyances by the plaintiff, Eveline Foulds Holwell, those conveyances which were not joined in by the husband were void. These void deeds cannot work an estoppel. Wilkins v. Lewis, supra; Phillips v. Lowenstein, supra; Bryan v. Dennis, 1852, 4 Fla. 445.
Accordingly, for the foregoing reasons the final judgment entered for the defendants is reversed and the cause is remanded to the lower court with instructions to enter a final judgment in favor of the plaintiffs.
Reversed and remanded with instructions.
REED, J., concurs.
OWEN, J., dissents, with opinion.

. F.S. § 693.01, F.S.A. Married women may convey — Any married woman owning real property may sell, convey or mortgage it as she might do if she were not married, provided her husband join in such sale, conveyance or mortgage.

. F.S. § 708.04, F.S.A. Sales and conveyances — The husband and wife shall join in all sales, transfers and conveyances of the property of the wife, other than personal property and choses in action.

. F.S. § 70S.0S, F.S.A. Married women’s rights; separate property — Every married woman is hereby empowered to take charge of, and manage and control her separate property, to contract and to be contracted with, to sue and be sued, and to sell, convey, transfer, mortgage, use and pledge her property, real and personal, and to make, execute and deliver instruments and documents of every character, without restraint, without the joinder or consent of her husband, in all respects as fully ns if she were unmarried. Every married woman, without the joinder or consent of her husband, shall have and may exercise all rights and powers with respect to her separate property, income and earnings, and may enter into, obligate herself to perform, and enforce contracts or undertakings to the same extent and in like manner as if she were unmarried; provided, however, that no deed, mortgage or other instrument conveying or encumbering real property owned by a married woman shall be valid without the joinder of her husband; provided, further, that any claim or judgment against any married woman shall not be a claim or lien against such married woman’s inchoate right of dower in her husband’s separate property.