BOYD, Justice.
This cause is before us on petition for writ of certiorari to the District Court of Appeal, Fourth District. The basis of this Court’s jurisdiction is conflict between the the decision of the District Court of Appeal, Fourth District, in the instant case, reported at 226 So.2d 253, and Trustees of the Internal Improvement Fund v. Lobean, 127 So.2d 98 (Fla.1961) ; Reid v. Barry, 93 Fla. 849, 112 So. 849 (1927).
Respondents, Eveline Foulds Holwell and her husband, Harold Holwell, filed an ac *2 tion in ejectment seeking possession from petitioners, Irving and Eva Zofnas, of about IS acres of land in Broward County. The chain of petitioners’ title is as follows: By deed dated 4/1/47, recorded 4/2/47, one Gold conveyed the land to Eveline Foulds, no marital status being mentioned. By deed also dated 4/1/47, recorded 9/12/58, Foulds conveyed the land back to Gold. Immediately following Foulds’ name in the deed of reconveyance appeared the words, “a single woman.” By deed dated 5/9/56, recorded 5/14/56, Foulds, no marital status mentioned, conveyed the same tract of land to Elchar Corporation. By separate deeds dated 3/3/59, recorded 3/19/59, Gold and Elchar Corporation conveyed the property to petitioners, Zofnas.
On March 11, 1913, Eveline Foulds married Harold M. Holwell, which marriage continued to date and during all intervening times. At no time was there a joinder by Eveline Foulds Holwell’s husband in the deeds executed by her.
The trial court entered final judgment for the defendants stating:
“That Plaintiffs, Eveline Foulds Hol-well, a/k/a Eveline Foulds and Harold M. Holwell, her husband, are estopped as against the Defendants, Irving Zofnas and Eva Zofnas, his wife, from asserting the invalidity of the deeds of conveyance or quitclaim from the Plaintiff Eveline Foulds to Defendants’ predecessor in title;
“That even though the Plaintiffs should be deemed innocent parties in the circumstances of this case, it was the actions and conduct of the Plaintiff Eveline Foulds which created the circumstances enabling a third party to perpetrate a fraud or occasion a loss, and Plaintiffs must therefore suffer the consequences as between themselves and Defendants who also were innocent parties without knowledge or notice of such acts and circumstances * * * ”
On appeal the District Court reversed holding that a married woman’s deed without the joinder of her husband is void and that the execution of such a deed cannot operate to create an estoppel in favor of a bona fide purchaser for value relying on the record title. Judge Owen dissented on the basis that respondents in this case should be estopped, stating:
“The issue is whether a deed which is void (for whatever reason) may be given effect by the doctrine of estoppel. The earlier cases which categorically answered this in the negative, seems to me to be substantially modified (if not overruled) by the expressed holding of the later cases answering this question in the affirmative. The trial court, in entering judgment for the defendants, applied the doctrine of legal estoppel and in my opinion was correct in so doing.
“Additionally, apart from the legal estop-pel involved, it appears to me that under the facts of this case the doctrine of equitable estoppel would also be applicable against the plaintiffs.”
In Reid v. Barry,[1] this Court set out the doctrine of legal estoppel as follows:
“A person who assumes to convey an estate by deed is estopped, as against the grantee, to assert anything in derogation of the deed. He will not be heard, for the purpose of defeating the title of the grantee, to say that at the time of the conveyance he had no title, or that none passed by the deed, nor can he deny to the deed its full operation and effect as a conveyance.”
In Trustees of the Internal Improvement Fund v. Lobean,[2] this Court defined legal and equitable estoppel as follows:
“Legal estoppel or estoppel by deed is determined by the intention of the parties as expressed in the deed, whether or not legal estoppel may be applied in a given case is dependent entirely on the language *3 used in the deed or which appears on the face of the instrument.
“Equitable estoppel as applied to land titles is a different thing. It depends on the conduct of the parties for its efficacy. It is not concerned with the language of the instrument and may actually deny the legal effect of the deed. In Florida Land Investment Co. v. Williams, 1928, 98 Fla. 1258, 116 So. 642, 643, this court said:
‘An equitable estoppel, as affecting land titles, is a doctrine by which a party is prevented from setting up his legal title because he has through his acts, words, or silence led another to take a position in which the assertion of the legal title would be contrary to equity and good conscience.’ ”
More recently, in Smith v. Martin,[3] this Court held that where a married woman mortgaged her separate realty by a mortgage describing herself as a single woman, her realty should be responsible for the mortgage debt and subject to a lien in the amount of money she obtained from the mortgagee, even though the mortgage and note were defectively executed without the joinder of her husband. This Court stated:
“Now back to Exerdell [mortgagor] and her devious transaction. We think it is obvious that what she did was morally wrong and we further think that in a court of equity it should be rectified. When the chaff is blown from the grain she is shown to have relieved her separate property of an encumbrance with the money of the Smiths. Moreover, we believe the victims of her crafty conduct can find redress in a court of equity without any violence being done to organic law.”[4]
The Smith decision marks a turning point for departure from the earlier decisions of this Court refusing to apply the doctrine of estoppel to validate deeds of a married woman executed without the joinder of her husband. That step having been taken, we are unwilling at this juncture to retreat into the Dark Ages again. The decision of this Court in Smith v. Martin represents a realistic approach to the rights and obligations of married women with respect to their separate property. We hold, therefore, that the deeds of Eveline Foulds executed without the joinder of her husband, are void, but that under the particular circumstances of this case she is estopped to assert the invalidity of her deed.
Needless to say, not every deed executed by a married woman without the joinder of her husband will be made effective through the operation of the doctrine of estoppel. Each case must be weighed on its particular facts according to the legal and equitable principles involved. Whenever, as in the instant case, the facts cry out for equitable relief, it should be granted.
We are not called upon in this case to consider the effect of Section 5 of Article X of the new Constitution effective January 7, 1969. The rights and obligations of the parties herein arose prior to the effective date of the new Constitution and are therefore properly determined under the Constitution of 1885.
Accordingly, certiorari is granted, the decision of the District Court is quashed, and the cause remanded for further proceedings consistent herewith.
It is so ordered.
DREW, Acting C. J., THORNAL and ADKINS, JJ., and SPECTOR, District Court Judge, concur.

. 93 Fla. 849, 879, 112 So. 849, 857 (1927).

. 127 So.2d 98, 102 (Fla.1961).

. 186 So.2d 16 (Fla.1966).

. Id. at 18.