ROBERTS, Justice.
This cause brought for review by appeal a decision of the trial court which had entered summary judgment against appellant in a suit for specific performance. The Court was in doubt as to whether the trial judge had passed on the validity of a statute or construed a controlling provision of the Constitution so, under the authority of State v. Bruno, 104 So.2d 588 (Fla.1958); Merrill v. City of Miami, 203 So.2d 611 (Fla.1967); and State v. Kahler, 224 So.2d 272 (Fla.1969), the cause was remanded temporarily to the trial court for the purpose of enabling that court to enter an order advising this Court specifically whether it had passed on the validity of Florida Statutes, Sections 693.01 [1] and 708.04 [2], F.S.A., or construed Section 5 of Article X [3] of the Florida Con *802 stitution, F.S.A. On August 25, 1970, the trial court entered the following order on remand:
“THIS CAUSE came back before me upon remand of the Supreme Court of Florida on May 6, 1970, in Case No. 38,-970, and in response thereto, this Court did entertain arguments from counsel for the Plaintiff and counsel for the Defendant for review of the facts leading up to the Summary Judgment of June 10, 1969, and this Court’s Order of September 4, 1969, and upon same, the Court, therefore, enters the following findings of fact and conclusions of law as the basis for the Summary Judgment heretofore entered in these proceedings:
“1. That the Plaintiff brought suit against the Defendant for Specific Performance on the real estate contract of December 19, 1968, which was executed by the Defendant, individually without the joinder of her husband, and therefore, said contract was unenforceable.
“2. That further, the aforesaid contract was unenforceable by the Plaintiff by reason that the Plaintiff had not performed by making the required deposit with the Defendant’s attorney as reflected within the terms of said agreement, and therefore, no valid and binding contract existed.
“3. That Service of Process upon the Defendant was attempted by publication, and therefore, without personal service on the Defendant, this Court was without jurisdiction to enforce any alleged agreements since the Defendant at all times had been a bona fide resident of Mexico.
“4. That at the time of the action, Florida Statute 696.01, F.S.A., [‘No contract, agreement, or other instrument purporting to contain an agreement to purchase or sell real estate shall be recorded in the public records of any county in the state, unless such contract, agreement or other instrument is acknowledged by the vendor in the manner provided by law for the acknowledgment of deeds; and where there is no acknowledgment on the part of the vendor, the recording officers in the various counties of this state shall refuse to accept such instrument for record.’] and Florida Statute 708.04, F.S.A., [Footnote 2, supra] were in full force and effect; not having been repealed, and although the Constitution of the State of Florida, Article X, Section 5, did recite that there should be no distinction between the property of married women and married men, and no other enabling Legislation having been enacted at the time of entry of this Summary Judgment or any case of the Supreme Court or other District Court having been decided on the identical facts as presented to this Court, and further in view of the long judicial history concerning the requirement of joinder by the husband of a married woman in her real estate contracts and conveyances, this Court was obliged to continue the protection to the individual female Defendant as heretofore directed by the Supreme Court and other District Courts of the State of Florida.
“5. Each party having moved for summary judgment and stating to the Court that there was no issue of any material, fact involved, Summary Judgment was entered accordingly.
“DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 25th day of August, 1970.”
It is apparent that the trial judge construed Section 5 of Article X of the new Constitution as ineffective in this cause, and held Florida Statutes 708.04 and 693.01 valid and in full force and effect. We therefore have jurisdiction.
We note that the execution of the contract between the parties was dated December 19, 1968 and that their rights and obligations arose prior to the effective date of the new Constitution, January 7, 1969, and therefore are properly determined under the Constitution of 1885. Further, F.S. *803 708.08, F.S.A., Married women’s rights; separate property; release of dower, which became effective October 1, 1970, is not involved in this litigation. There is no question of estoppel inasmuch as the parties prior to the entry of the summary judgment had stated to the court that there was no issue of any material fact involved. Cf. Zofnas v. Holwell, 234 So.2d 1 (Fla.1970).
Affirmed.
ERVIN, C. J., CARLTON, J., and MASON, Circuit Judge, concur.
THORNAL, J., heard the argument but because of illness did not participate in the decision.

. “693.01 Married women may convey
“Any married woman owning real property may sell, convey or mortgage it as she might do if she were not married, provided her husband join in such sale, conveyance or mortgage.”

. “708.04 Sales and conveyances
“The husband and wife shall join in all sales, transfers and conveyances of the property of the wife, other than personal property and choses in action.”

.“Section 5. Coverture and Property.— There shall be no distinction between married women and married men in the holding, control, disposition, or encumbering of their property, both real and personal; except that dower or curtesy may be established and regulated by law.”