New York Life Insurance Company, a Corporation under the Laws of the State of New York, Plaintiff in Error, v. Lizzie Mills, Defendant in Error.

1.  In an action on a life insurance policy upon an issue as to whether the actual value of the insured's interest exceeded the loan value of the policy and the only witness on the point testified that there was an excess, the court may properly so charge.

2.  Upon an issue raised in an action on a life insurance policy it being shown that upon making a loan to the insured the company reserved the option to cancel the policy if the loan were not repaid, upon returning the cash surrender value, and instead of so cancelling the company opened up negotiations looking to a new loan, pending which the insured died, the plaintiff, the beneficiary under the policy, is entitled to a verdict.

3.  When the replication ignores certain facts contained by a plea, taking issue only upon certain other facts therein and the defendant files a general rejoinder to the replication, the facts so ignored cease to be issues in the cause.

4.  Agency to make a contract is sufficiently shown by a stipulation of counsel that the parties executed a contract, by the ratification of the vice-president of an insurance company or that it was entered into at his suggestion.

This case was decided by Division A.

Writ of Error to the Circuit Court for Suwannee County.

The facts in the case are stated· in the opinion of the Court.

*Fred T. Myers* and *John W. Henderson* (with whom was James H. McIntosh on the brief), for Plaintiff in Error.

*Ira J. Carter, J. B. Johnson* and *H. E. Carter,* for Defendant in Error.

COCKRELL, J.  Mrs. Mills  declared on an  insurance policy for one thousand dollars upon the life of her husband Charles L. Mills, issued by the New York Life Insurance Company in 1897, wherein she was named as beneficiary.  The company filed three pleas.  The first plea that of the general issue may be disregarded.  The other pleas are as follows:  "Second.  And for a second plea defendant says, in the year A. D. 1897, it made and delivered its policy of insurance on the life of Charles L. Mills, and that by the terms of said policy the defendant agreed to pay one thousand dollars to the plaintiff, or in the event of her death, to the insured's executors, administrators or assigns, only upon the condition that the premiums thereon were duly paid on or before the respective dates when due, and that Charles L. Mills perform all the other conditions required in said policy to be performed by him; that said sum· was to be paid at the Home Office in the city of New York, and that it should be incontestable after it should be in force one full year,  provided  the  premiums  had  been  duly paid,  and  defendant  avers  that  said  contract  was made  in  the  consideration  of  the  written  application  of  the  insured,  which  was  made  a  part

thereof, and in further consideration of the sum of twenty-seven and 10-100 dollars to be paid in advance, and of the payment of a like sum on the 24th day of November in every year thereafter during the continuance of said policy, and for no other consideration. The defendant further says that before the lapse of said policy hereinafter alleged, on to-wit: the 16th day of June, A. D. 1903, said Charles L. Mills obtained from said defendant a loan on said policy for the sum of fifty-five dollars. That at the time of said default in the payment of said premiums, on to-wit: November 24th, 1903, said amount so loaned to said insured was still unpaid, and said loan of fifty-five dollars made to the insured by the defendant, as aforesaid, constitutes, and was at the time of said default and at the date of the filing of this suit, the entire value of said policy. The defendant further says that Charles L. Mills, the insured, did not perform or cause to be performed the conditions of said policy, and avers that said Mills failed, neglected and refused to perform or cause to be performed the conditions of said policy to be performed by him in this, to-wit: that said Charles L. Mills failed, neglected and refused to pay or cause to be paid the annual premium on said policy that became due and payable on the 24th day of November, in the year A. D. 1903, or any part thereof, but defaulted in that behalf, and that by reason of said failure, neglect and refusal to pay said premium or any part thereof, said policy lapsed and became forfeited and void.

Third. And for a third plea to plaintiff's declaration the defendant says that prior to the lapse of said policy, on to-wit: the 16th day of June, A. D. 1903, said Charles L. Mills obtained from said defendant a loan on said policy of the sum of fifty-five and no-100 dollars; that at the time of said default in paying said November A.

D. 1903, premium on said policy, said amount so loaned to said insured was still unpaid, and said sum of fifty-five dollars constituted the entire value of said policy."

Replications, upon which issue was joined and trial had, were filed by the plaintiff as follows: "And for replication to the defendant's second plea plaintiff says: That it is true that Charles L. Mills, on the 16th day of June, 1903, obtained a loan on the policy sued on from the defendant, in the sum of fifty-five dollars; and admits that on the 24th day of November, 1903, said amount so loaned was still unpaid; but denies  that said loan  as aforesaid, was at the time of said default and at the date of the filling of this suit, the entire cash value of said policy; and denies that said policy lapsed and became void and forfeited by reason of such default, but avers that the said loan of fifty-five dollars was based and allowed to the said Charles L. Mills on the value of said policy at and on the date of November 24th, 1902, that on the said 16th of June, 1903, the premiums on said policy were paid up to November 24th, 1903, thereby increasing the cash surrender value of said policy, over and in excess of the said fifty-five dollars loan to the extent of one year; that in order that the said Mills might secure the said loan of fifty-five dollars, the said Mills and the defendant made and entered into a written contract and agreement, termed and designated as 'Policy Loan Agreement,' that said Policy Loan Agreement, among other things, provided that in the event of default in payment of the interest on said loan or any  premium on  said policy, for one month after they respectively became due, that the said defendant was permitted at its option to cancel said policy and its accumulations for the customary cash surrender value thereof then allowed by the defendant for the surrender of policies of this class, said

defendant in that event being liable to the said Charles L. Mills for the return of the balance only of the said cash surrender value after deducting said loan and accrued interest; and the plaintiff avers that the said defendant did not exercise its said option to cancel said policy and its accumulations, during the lifetime of the said Charles L. Mills, and had not exercised such option at the date of the death of said Mills, to-wit: June the 8th, 1904, and plaintiff avers that at the time of the default of payment of November 24th, 1903, premium, and continuously thereafter to date of death of said Mills the cash surrender value of said policy was in excess of said loan of fifty-five dollars and the accrued interest thereon, and the said defendant did not, nor has it ever, since the said default in payment, returned or offered to return the then cash surrender value of said policy then in excess of the said loan and accrued interest thereon, although the said policy was then, and still remains in the possession of the said defendant; but on the contrary thereof the said defendant, after default by the said Mills as aforesaid, has retained such excess and elected to treat said policy as valid in this: that the said defendant at divers times during the months of April, May and June, A. D. 1904, communicated with the said Charles L. Mills and offered and undertook to advance to him on the security of said additional loan, and forwarded to the security of said policy an additional loan, and forwarded to him, the said Charles L. Mills application for such loan together with a loan agreement, same to be signed and executed by the said Mills, that said Mills executed said application for loan and loan agreement and returned them to the defendant with the understanding between himself and the defendant that he would remit to the

defendant such sums as might be found to be due on the November 1903 premium, the amount of which sum to be remitted, the said defendant undertook and agreed to inform and advise the said Charles L. Mills, but which it failed and neglected to do, and that pending the consummation of the said loan and the settlement of the said Nov. 1903 premium, and after the said Charles L. Mills had complied with all of the requirements of said defendant in that respect, the said Charles L. Mills, to-wit; on the 8th day of June, 1904, died.

And for replication to the defendant's third plea to plaintiff's declaration plaintiff says: Plaintiff denies that the said policy sued on lapsed as in said plea mentioned; without this, she denies that the said loan of fifty-five dollars constituted the entire value of said policy at the time of the alleged default in the payment of the November, A. D. 1903 premium; but alleges and avers the truth to be that the said fifty-five dollars was the loan value of the said policy on the 24th day of November, 1902.

Wherefore the plaintiff says that by reason of the premises the said policy, at the death of the said Charles L. Mills, became, was and is a good and valid claim against the said defendant and that she ought to have and maintain this her suit."

There was verdict and judgment for the plaintiff in the sum of $955.96 as damages, and $225 as attorneys' fee.

The pleadings are set forth at length because in the mind of the court the issues thus raised are comparatively simple and render useless a reply to the many substantive points treated in the briefs of the plaintiff in error, which would lead us into the comparatively unexplored field of law peculiarly applicable to life insurance policies.

There was no evidence introduced by the company, which rested upon the supposed insufficiency of that adduced by the plaintiff; it first demurred to the evidence and then objected to the affirmative charge given for the plaintiff. It is, to say the least, questionable whether the record properly incorporates the evidence into the demurrer, but substantially the same considerations would control us in this case in passing upon the propriety of the affirmative charge and it is immaterial therefore to determine the sufficiency of the demurrer.

The replication to the third plea, the legal sufficiency of which is admitted by the joinder of issue thereon, says merely that the loan of fifty-five dollars did not constitute the entire value of the policy in November, 1903, but was the loan value on November 24, 1902. This issue was fully proven; the amount was actually loaned by the company in June, 1903, before the maturity of the annual premium for that year, and it is further in evidence from the lips of the sole witness on the point that the cash value of a policy is greater than the loan value, but that the exact amount of the cash value is known only to the Actuary of the company. It is moreover not unreasonable to assume that the company would not provide so that the insured who is also a participator and investigating member of the company should be at liberty at any time to borrow the full limit of his interest in the concern without leaving a sufficient inducement by way of margin to in some slight degree induce him to an endeavor to continue that membership; the loan is made on the security of the policy and without reference to the solvency of the borrower. The policy is not purely and strictly a life insurance policy, with charges only sufficient to reasonably guard against the chances of death, but has many features of attractive investment and

creates and recognizes various advantages and options that this investment feature presents to the insured. Thus is created, after the third annual premium is paid, a valuable asset, a vested interest in the insured which can be taken from him or forfeited only by clear and unmistakable terms in the contract.

We think therefore the evidence amply justified a charge based upon the assumption that the loan value did not constitute the entire value of the policy.

The replication to the second plea embraces the issue discussed above, and contains further as issues of fact the propositions that by the policy loan agreement, whereby the insured obtained from the company the sum of fifty-five dollars in June, 1903, the company reserved an option to cancel the policy if the loan was not repaid for its cash surrender value, returning to the insured the excess, which option was not exercised but on the contrary negotiations looking to a new loan were pending between the insured and the company which were stopped only by the death of the insured. These allegations of fact are fully warranted by the evidence.

This replication purported to be a complete reply to the whole plea and yet it ignored the latter portion of the plea wherein is set up a forfeiture by reason of a failure to pay the annual premium due in 1903. The prime object of the common law system of pleading being the production of singleness of issue, each succeeding step narrows the issue. When the plaintiff by his replication omitted any reference to the issue tendered as to failure to pay the premium, she challenged the company to an issue of *law* as to the materiality of that fact as a defense; instead of accepting this challenge, in some one of the ways our practice provides, the company abandoned any defense based upon this fact and, by joining

issue generally upon the replication, admitted that the issuable averments of fact therein were sufficient, if proven, to entitle the plaintiff to a recovery notwithstanding the issues tendered by its plea. We see no hardship worked upon the company by the application of this well known principle of common law pleading as upon an examination of the policy in evidence we find provisions whereby, after the payment of three premiums— and here six had been paid—the interest acquired by the insured causes the company to extend the policy for stated periods, apparently much longer than the six or seven months that had elapsed in the instant case.

We see no difficulty in the questions presented in the objections to admissibility of the evidence in the matter of the authority of the agents in representing the company. These negotiations were opened up on the suggestion of the vice president of the company and looked to a prevention of the exercise of a clear option on the part of the insured to stand upon his rights and demand his then interest in the policy and to induce him to make further effort to increase that interest. As to the loan agreement of June, 1903, a stipulation of counsel was filed agreeing that it was executed by both parties, the clearest recognition of the agency.

Stress is laid upon certain decisions holding that before the insured can exercise the option to take out paid up or extension insurance the original policy must be surrendered to the company. It is noted in the instant case that the policy was placed in the possession of the company when the loan was made and still remains in its possession as security for the loan, and that the jury credited the company with the amount of this loan.

We find no error in the record and the judgment accordingly is affirmed at the cost of the plaintiff in error.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.