Citizens Bank & Trust Company, a Corporation, *Appellant*, v. Ella B. Smith, and her Husband, Fred L. Smith, and American Bank and Trust Company, Appellees.

Division B.

On Petition for Rehearing.

Opinion filed July 18, 1929.

Whitfield, P. J.—In the State of Florida a married woman (not a free dealer under the statute, Sec. 5024, et seq., Comp. Gen. Laws, 1927), cannot make contracts with reference to her separate property or otherwise that can be enforced by personal judgments or decrees against her; but under the Constitution and the statutes, a married woman may own and acquire separate property, and *by statute* she may sell, convey or mortgage her separate real property if her husband joins therein (Secs. 5674, 5676, 5866, 5872, Comp. Gen. Laws, 1927) ; and mortgage liens may be enforced in equity. These provisions of law were in force when the Constitution of 1885 was adopted, and being ''not inconsistent with this Constitution shall continue in force'' until repealed. Sec. 2, Art. XVIII, Constitution.

Sec. 2, Art. XI, Constitution, does not confer upon married women a general right to contract and does not authorize personal judgment or decrees against married women on their contracts or obligations; but the section provides that a married woman's separate real and personal property

may be charged in equity for that which is due by her in stated classes of cases having relation to her separate property.

The language and purpose of the organic provision indicate that the section was not intended to apply where a married woman's property may be otherwise subjected for her debts, as where under the statute then in force she and her husband join in a mortgage upon her separate real property to secure such debts. Where a married woman's debt is secured by a duly executed mortgage upon her separate real property, the mortgage lien may be enforced without charging the property in equity under the organic section; and the latter remedy was not intended to take away a married woman's statutory right to mortgage her separate property or to supersede or to displace the remedy by foreclosure of mortgages. The organic right to charge in equity a married woman's separate property does not add to a mortgage right in such property but affords a different remedy in stated classes of cases in which the debt is not secured by mortgage, as was then expressly authorized by the statute of 1835.

The statutes authorizing married women to mortgage their separate real property and providing that mortgages may be enforced in equity, are not inconsistent with the provisions of the Constitution that a married woman's separate property may be charged in equity for stated obligations of hers. The organic remedy and the statutory remedy may each operate in its appropriate sphere. The purpose of the organic provision is to provide a remedy to charge the separate property of a married woman in defined classes of cases in which she has not exercised her statutory authority to mortgage her separate property. Contrary holdings under other and different laws or under equity rules, do not control in applying the present organic section.

Prior to the Constitution of 1885, the courts of equity in this State had subjected the separate property of married women for the price of property purchased by them for the benefit of their separate property, but the rules for doing so had not then been made a part of the organic or statute law of the State, each case being decided upon its own equities. The Constitution of 1885, Sec. 2, Art. XI, expressly defined the several classes of cases in which the separate property of married women may be charged in equity, and such organic classification, being the controlling law on the subject, must be observed even though it may not be in accord with the practice and decisions in equity prior to the Constitution of 1885. But no substantial difference now appears between the rules for subjecting the separate property of married women theretofore observed by courts of equity in decided cases and those contained in the present organic section, unless it be that the Constitution makes classifications additional to those theretofore formulated by the equity courts. If formerly the separate property of a married woman was subjected in equity for property purchased or debts incurred for the benefit of her separate property, that is not expressly made an essential element except in one of the classes stated in the Constitution.

The Constitution divides into distinct classes the cases in which a married woman's separate property may be charged in equity, and such classifications should be observed in suits to charge such separate property, with the consequences that attend the classifications.

It seems clear that the authority to charge a married woman's separate property in the classes designated ''for the purchase money *thereof*,'' means that the property purchased must be charged; while the authority to charge the separate property in the classes designated ''for the price of any property purchased by her,'' extends to any

of the married woman's separate property; but this latter authority is not available where the property purchased can be charged "for the purchase money thereof." If the property purchased has been consumed or lost or disposed of or is so commingled with other property that it is impracticable to charge it separately, or perhaps in other cases involving special features, the authority to charge a married woman's separate property "for the price of any property purchased by her," may be applicable, and then any of the separate property of the married woman may be charged in equity for the price of the property purchased by her, subject perhaps to prior rights, if any, in the property sought to be charged under the Constitution.

In authorizing a married woman's separate property to be charged in equity for the purchase of property by her in two distinct classes of cases, viz: "for the purchase money thereof" and "for the price of any property purchased by her," the Constitution obviously intends each to have a proper but different field of operation. The authority to charge separate property "for the purchase money thereof," must be limited to the property purchased where it is available or there would be no need for the other distinct authority to charge the separate property "for the price of any property purchased."

It cannot be justly said that the first clause, viz: "for the purchase money thereof," has reference to property purchased that became a part of the separate property of the married woman, while the other clause, viz: "for the price of any property purchased by her," is applicable when the property purchased did not go into or become a part of her separate property, for such an intent is not included in or implied by the language of the organic section. If such a distinction was observed in equity

before the Constitution of 1885, the Constitution makes no such distinction. It is logical and accords with the words of the Constitution, to hold that the first clause confines the remedy to the property purchased if it is available; and if the property purchased is not available, the authority of the other clause, if applicable, may be invoked. The organic classification should be observed when the remedy provided therein is utilized.

The Act of 1835, sec. 5674 Comp. Gen. Laws, 1927, provides that "any married woman owning real property may sell, convey or mortgage it as she might do if she were not married, provided her husband join in such sale, conveyance or mortgage." Sec. 5674, et seq., Comp. Gen. Laws, 1927. The Constitution does not regulate the rights of married women to sell, convey or mortgage their separate real property.

Sec. 2, Art. XI, Constitution of 1885, does not authorize a married woman to charge her "separate real or personal property" "as she might do if she were not married." The organic section merely provides that "a married woman's separate real or personal property may be charged in equity" for that which is due by her in designated classes of transactions by her in relation to her separate property.

The statute above quoted authorizes a married woman to contract in selling, conveying or mortgaging her real property as if she were not married provided her husband joins therein. The quoted provision of the Constitution is not designed to authorize a married woman to contract, but to specifically define the classes of cases in which her separate property may be charged in equity for that which is due by her in the classes of cases as specifically defined.

In Minnie Halle et al. v. Jacob R. Einstein, 34 Fla. 589, 16 So. R. 554, the real property of a married woman was subjected for the payment of an open account for

goods and merchandise used in the business of buying and selling goods. This case is cited in the main opinion herein as being consistent with the principles announced therein. See also First National Bank v. Herschkowitz, 46 Fla. 588, 35 So. R. 22; Blood v. Hunt, 97 Fla. 551, 121 So. R. 886; Blood v. Huey, 97 Fla. 577, 121 So. R. 896; Nadel et al. v. Weber Bros. Shoe Co., 70 Fla. 219, 70 So. R. 20.

In Harwood et ux. v. Root et ux., 20 Fla. 940, decided in 1884, the rents and profits of a married woman's separate property were sequestered in equity for the price of household furniture sold to her. If that decision may be considered to be inconsistent with the provisions of Sec. 2, Art. XI of the Constitution of 1885 as here interpreted the latter will prevail.

The purchase price of property sold to a married woman may be secured by mortgage as authorized by statute. Those who deal with married women do so subject to controlling laws.

Rehearing denied.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.