[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 744 
In this case one of complainants in the court below, Minnie A. Sumner, a married woman, took title to certain property subject to two mortgages, which we will designate as first mortgage and second mortgage respectively and which she "as grantee assumes and to pay." Later, she, joined by her husband, by warranty deed conveyed the property to one Ray R. Currington, and covenanted that the premises were free of incumbrances and liens, except the said two mortgage liens. The first mortgage *Page 745 
was then transferred to her by assignment. Subsequently, the complainants filed this suit for the foreclosure of the first mortgage and joined as a party defendant to the suit, Berton F. Grantham, the holder of the second mortgage.
The defendant Berton F. Grantham in his answer contends that the said assignment was null and void; that the moneys paid for the assignment were merely in payment and discharge of the mortgage lien and in compliance with the deed to the complainant, Minnie A. Sumner.
A final decree was entered wherein the court made a finding that the said assignment was, as between the complainant and the defendant Berton F. Grantham, a satisfaction of the first mortgage indebtedness and that the lien of said Grantham became a first lien or mortgage upon the property in question, and it was so decreed.
The question that arises is: Was the assignment to the complainant, Minnie A. Sumner a satisfaction and discharge of the mortgage as to the holder of the second mortgage?
It is not contended here that the payment of a debt by one who is bound by contract to pay it is not a discharge of the debt, but it is insisted (1) that payment involves an intention on the part of the debtor to pay the debt, and that Mrs. Sumner took the assignment as an investment and not with an intention to pay the debt; (2) that Mrs. Sumner was not bound to pay the debt.
The first proposition may be disposed of by quoting from the opinion in Polk County Nat. Bank v. Darrah, 52 Fla. 581, 42 So. 323:
 "In the case of Brown v. Lapham, 3 Cush. (Mass. 551, text 554, Chief Justice Shaw in the opinion
says: 'Whether a given transaction shall be held, in legal *Page 746 
effect, to operate as a payment and discharge, which extinguishes the mortgage, or as an assignment, which preserves and keeps it on foot, does not so much depend upon the form of words used as upon the relations subsisting between the parties advancing the money, and the party executing the transfer or release, and their relative duties. Gibson v. Crehore, 3 Pick. 475.
 " 'If the money is advanced by one whose duty it is, by contract or otherwise, to pay and cancel the mortgage and relieve the mortgaged premises of the lien, a duty in the proper performance of which others have an interest, it shall be held to be a release, and not an assignment, although in form it purports to be an assignment.' "
It is generally held that the purchaser of land subject to a mortgage which he has assumed and agreed to pay, upon taking an assignment of the mortgage thereby pays and satisfies it so far as his grantor is concerned. 2 Jones on Mortgages (8th Ed.) page 531, Sec. 1098.
 "A negotiable instrument is discharged:
 "1. By payment in due course on behalf of the principal debtor. * * *
 "5. When the principal debtor becomes the holder of the instrument, at or near maturity, in his own right."
 Section 6872 (4786) Compiled General Laws of Florida, 1927.
Ordinarily when a grantee accepts a deed providing for the payment by such grantee of a debt which is an encumbrance on the premises conveyed, the obligation is as conclusive and binding upon him as if he had given his written promise to pay the amount of the debt as a part of the purchase price and by such assumption of the debt he *Page 747 
makes it his own and becomes a principal debtor. Slottow v. Hull Inv. Co., ___ Fla. ___, 129 So. 577; Brownson v. Hannah,93 Fla. 223, 111 So. 731, 51 A. L. R. 976; Ackley v. Noggle,97 Fla. 640, 121 So. 882; Realty Holding Co. v. Noggle, 97 Fla. 643, 121 So. 883.
But the point is, did Mrs. Sumner, a married woman, make the debt she assumed her debt in the sense that she could be required to pay it.
Under the law, a married woman who has not been made a free dealer under the statute (Sections 5024-5028, Compiled General Laws of Florida, 1927) has no power to make a contract that will be legally binding upon her personally, except as her rights are affected by Section 2, Article XI, Constitution of Florida. Blood v. Hunt, 97 Fla. 551, 577, 121 So. 886, 896.
No personal judgment or decree could be rendered against her on an obligation arising out of the contract. Goss v. Furman,21 Fla. 406; Prentiss v. Paisley, 25 Fla. 927, 7 So. 567 L. R. A. 640; First Nat. Bank v. Hirschkowitz, 46 Fla. 588, 35 So. 22. See also Equitable Bldg. Loan Ass'n v. King, 48 Fla. 252, 37 So. 181; Virginia-Carolina Chem. Co. vs. Fisher, 58 Fla. 377, 50 So. 504; Couch v. Palmer, 57 Fla. 57, 48 So. 995.
The deed of conveyance transferring the property from the original mortgagor to the complainant Minnie A Sumner, did not affect the mortgagee's right to enforce his lien against the property. The assumption of the first and second mortgages by the complainant Minnie A. Sumner did not make her the mortgagor. She could only become the mortgagor by having her husband join in the mortgage and then for such instruments to have been effectual as mortgages, the complainant Minnie A. Sumner would have had to acknowledge them as the law *Page 748 
requires. (Sections 5674 and 5676, Compiled General Laws of Florida, 1927). Furthermore, the mortgages, having been executed by Minnie A. Sumner's grantor, were not accepted by the mortgagees as security for her debts.
Under the circumstances, if the first mortgage had not been transferred to the complainant Minnie A. Sumner, the holder of the first mortgage would have had the right to proceed in equity by virtue of Section 2, Article XI, Constitution of 1885, against her as a principal debtor, whether she did or did not still own the property for the purchase of which the obligation secured by the mortgage was given. In the former event he could have proceeded upon the theory that her separate property could be subjected for the purchase money thereof, and in the latter event, upon the theory that other separate property of hers could be charged in equity for the price ofproperty purchased by her. In a lucid opinion by Mr. Justice Whitfield in Citizens Bank Trust Co. v. Smith, 97 Fla. 601, 610, 612, 121 So. 900, 123 So. 694, this Court said:
 "The language and purpose of the organic provision indicate that the section (Sec. 2, Art. XI., Constitution, 1885) was not intended to apply where a married woman's property may be otherwise subjected for her debts, as where under the statute then in force she and her husband join in a mortgage upon her separate real property to secure such debts. * * *
 "The purpose of the organic provision is to provide a remedy to charge the separate property of a married woman in defined classes of cases in which she has not exercised her statutory authority to mortgage her separate property." * * *
 "The Constitution divides into distinct classes the cases in which a married woman's separate property *Page 749 
may be charged in equity, and such classifications should be observed in suits to charge such separate property, with the consequences that attend the classifications.
 "It seems clear that the authority to charge a married woman's separate property in the classes designated 'for the purchase money thereof,' means that the property purchased must be charged; while the authority to charge the separate property in the classes designated 'for the price of any property purchased by her,' extends to any of the married woman's separate property; but this latter authority is not available where the property purchased can be charged 'for the purchase money thereof.' If the property purchased has been consumed or lost or disposed of or is so commingled with other property that it is impracticable to charge it separately, or perhaps in other cases involving special features, the authority to charge a married woman's separate property 'for the price of any property purchased by her,' may be applicable, and then any of the separate property by her may be applicable, and then any of the separate property of the married woman may be charged in equity for the price of the property purchased by her, subject perhaps to prior rights, if any, in the property sought to be charged under the Constitution.
 "In authorizing a married woman's separate property to be charged in equity for the purchase of property by her in two distinct classes of cases, viz: 'for the purchase money thereof' and 'for the price of any property purchased by her,' the Constitution obviously intends each to have a proper but different field of operation. The authority to charge separate property 'for the purchase money thereof' must be limited to the property purchased where it is available or there would be no need for the other distinct authority to charge the separate property 'for the price of any property purchased.' * * * *Page 750 
 "It is logical and accords with the words of the Constitution to hold that the first clause confines the remedy to the property purchased if it is available; and if the property purchased is not available, the authority of the other clause, if applicable, may be invoked."
See also Blood v. Hunt, supra; Blood v. Huey, 97 Fla. 577,121 So. 896.
Being a principal debtor against whose property the debt could be enforced by reason of her assumption of the same, certainly, under the authorities cited, an assignment to her of the mortgage and the debt secured thereby operated as a discharge of the debt in so far as it affected the maker of the mortgage — her grantor. And why should it not operate as a discharge of the debt as against the second mortgagee, whose claim Mrs. Sumner had also assumed to pay. If the assignment of the first mortgage to her discharged the only persons who were liable for the payment of the debt, there can be no reason for keeping the lien alive. Whatever extinguishes the debt will also discharge the mortgage. 41 C.J. 785. The existence of a debt which it is designed to secure is an essential feature to a mortgage (Smith v. Hope, 47 Fla. 295, 35 So. 865). The principle was also stated in Holmberg v. Hardee, 90 Fla. 787,108 So. 211, which quoted from Haynie v. Robertson, 58 Ala. 37, as follows: "There must be a debt, or there can be no security for its payment. Hence it is said, if there is no debt, there can be no mortgage. Debt, in this connection, means a duty or obligation to pay, for the enforcement of which an action will lie."
A mortgage cannot be enforced on the basis of any other consideration than that on which it was given. *Page 751 
Tunno v. Robert, 16 Fla. 738; Lewter v. Price, 25 Fla. 574, 6 So. 439.
Furthermore, Mrs. Sumner had made the debt secured by each of the mortgages her own. Under her implied contract with her grantor, she agreed that the property conveyed to her was subject to the second mortgage after the first mortgage was satisfied. The second mortgagee never surrendered his right to look to the mortgagor or to the property for the payment of his claim and inasmuch as it was assumed by her as a part of the price she was to pay, and could be made a charge in equity upon her separate property, it would be inequitable to hold that the first mortgage was not satisfied and discharged as to the second mortgagee. Otherwise, the discharge of the first mortgage obligation as to the grantor of the complainant, Minnie A. Sumner, would be of but little service to him, since he would still be liable for the debt secured by the second mortgage which would continue to be subordinate to the first mortgage.
In the case of Polk County Nat. Bank v. Darrah, supra, the two notes involved were given by the husband for and on behalf of his wife as her agent and with her consent. The notes were afterwards assigned to the wife, Mrs. Darrah. In the treatment of the case, the Court among other things very aptly said:
 "It seems to us that in paying these two notes, Stella P. Darrah did nothing more than it was her duty to do. The property was bought by her husband and agent for her benefit, and these notes represented part of the purchase money."
In the instant case, the obligation was incurred directly by the wife and she was the direct beneficiary of it. If it was a duty of the wife to pay the notes in the Darrah case, it could not be less than a duty of Minnie *Page 752 
A. Sumner to pay the first mortgage in this case. Being of the opinion that there was both a duty to pay and an obligation that is enforceable against her property to secure the debt, we find no reversible error herein.
The decree of the lower court is affirmed.