W. J. BARRITT, *Appellant*, v. LILLIE E. SWAN, et al. *Appellees*.

141 So. 747.

En Banc.

Opinion filed February 23, 1932.

Petition for rehearing denied May 20, 1932.

*Mabry, Reaves & White,* for Appellant;

*Macfarlane, Pettingill, Macfarlane & Fowler,* for Appellees.

PER CURIAM.—A married woman assumed a mortgage on land conveyed to her by Barritt in exchange for other lands she conveyed to Barritt subject to a mortgage thereon. Barritt, who is liable as mortgagor for the mortgage the married woman assumed, sought under Section 2, Article XI of the Constitution, to subject in equity some of the lands being the separate property of the married woman to the payment of the amount of the mortgage assumed by her, upon the theory that the assumption of the mortgage was a part of the purchase price of the land conveyed to the married woman by Barritt.

The mortgaged lands conveyed to the married woman are subject to the mortgage she assumed in taking a conveyance of the land from Barritt, and such mortgage may be duly enforced against the lands it covers; but the Constitution does not authorize Barritt, the mortgagor, to proceed in equity to subject the land to the payment of the amount of the mortgage thereon, even if the married woman did assume the mortgage as a part of the purchase price of the land conveyed to her by Barritt.

The decree dismissing the bill of complaint is affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.

Davis, J., dissents.

Davis, J. (Dissenting).—I cannot agree with the statement that "even if the married woman did assume the mortgage as a part of the purchase price of the land conveyed to her" that the Constitution does not authorize the mortgagor to proceed in equity to subject the land to the payment of the *amount* of the mortgage. An assumption and agreement to pay a mortgage, when made as a part of the consideration for the purchase of land, is as much enforceable, it seems to me, as any other part of the purchase price would be.

---

## On Petition for Rehearing.

Per Curiam.—It appears that Lillie E. Swan, a married woman, joined by her husband, entered into a written contract with W. J. Barritt and wife by which Mrs. Swan and husband agreed to sell and convey to Barritt and wife described land in Pinellas County, Florida, subject to a mortgage for $45,000.00; and Barritt and wife agreed to sell and convey to Lillie E. Swan or her assigns four separate tracts of land located in Hillsborough County, Florida, tracts numbered 3 and 4 being each subject to a mortgage; and Barritt and wife also agreed to convey to Joyce L. Wilfore or her assigns four separate tracts of land located in Hillsborough County, Florida, Tract numbered 3 was conveyed by the Barritts to Lillie E. Swan "subject to a mortgage for $16,253.10, held by Inter-State Investment Company, which mortgage party of the second part (Lillie E. Swan a married woman) assumes and agrees to pay." Tract numbered 4 was by the Barritts conveyed to Lillie E. Swan "subject to a mortgage for $8,000.00 on which there is an unpaid balance of $4,000.00 which mortgage is held by Jose Alvarez, and second party assumes and agrees to pay said unpaid balance of $4,000.00."

A bill of complaint brought by W. J. Barritt seeks to subject in equity under the Constitution tracts numbered 1, 3 and 4 conveyed by him to and belonging to Mrs. Swan, a married woman, "for the said unpaid purchase money thereof." The bill contains the following:

"On or about the 2nd day of January 1929 an agreement was made between the defendant, Lillie E. Swan, and her husband, of the one part, and your orator, of the other part, whereby your orator and Lillie E. Swan should exchange properties, upon the following terms, viz: Your orator should receive the St. Petersburg property and pay $45,000.00 by the liquidation of said mortgage thereon, and Lillie E. Swan should receive from your orator the Tampa properties and pay $20,253.10 by the liquidation of the said mortgages the one for $16,253.10 on Tract 3, and the other for $4,000.00 on Tract 4. The said agreement and undertaking of each to pay the mortgage indebtedness against the properties being purchased by him or her was a material element of the said transaction, and except for the agreement and undertaking of the said defendant, Lillie E. Swan, to assume and pay the said mortgage obligations of your orator, your orator would not have made the said exchange of properties, because the assumption of the mortgage on the St. Petersburg property greatly increased your orator's personal obligations, and as a partial offset thereof he expected and required that his mortgage obligations upon the said Tampa properties should be paid by said defendant, Mrs. Swan."

It is prayed:

"b. That the defendant Lillie E. Swan, be required to forthwith liquidate the said mortgages hereinbefore described, and each of them, towit: The said mortgage for $16,253.10, and the said mortgage for $4,000.00, with all interest and costs, attorneys' fees and other charges, if any, which have or may accrue on account of the non-payment of said mortgage.

c. That to secure and guarantee the payment hereof the said properties conveyed by your orator to the said Lillie E. Swan, and each of them, to-wit: Said

Tract 1, Tract 3 and Tract 4, be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the said unpaid purchase money thereof.

d. That your orator be declared to have such other general and further relief in equity as equity may require and to your Honors shall seem meet."

The assumptions by the married woman of the mortgage debts are not binding on her as personal contracts; and even if the assumption of the several mortgage debts and the agreements to pay such mortgage debts to the mortgagees, are a part of the consideration for the lands conveyed to her by the mortgagor, the married woman's assumption of the mortgage debts had relation to the mortgages to which the conveyances were subject; and where there are mortgages they should be enforced for the payment of the mortgage debts, the remedy afforded by the Constitution not being available while the remedy by mortgage foreclosure may be appropriately invoked. See Blood v. Hunt, 97 Fla. 551, 121 So. 886.

The bill seeks to subject three tracts of land for the mortgage debts assumed by the married woman against two of the tracts conveyed to her. As there are mortgages held by the mortgagees to secure the debts, proper enforcement of the mortgages against the mortgaged tracts is the appropriate remedy. The constitutional remedy, if available to a mortgagor grantor against a married woman grantee who assumes the mortgages upon lands conveyed to her, must be against particular property for "the purchase money thereof" while such property is available, even if thereafter other property of the married woman may be subjected in equity "for the price of any property purchased by her." See Citizens Bank & Tr. Co. v. Smith, 97 Fla. 601, 610, 121 So. 900, 123 So. 694, 695. This holding does not conflict with the *decision* in Sumner v. Osborne, 101 Fla. 742, 135 So. 513.

Rehearing denied.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., concurs specially.

BROWN, J., concurring specially.—It seems to me that the substance and effect of the agreement, attached as an exhibit to the bill, was that appellant was to exchange his unincumbered title to six tracts and his equity in two tracts for Mrs. Swan's equity in the St. Petersburg property. It was an even exchange of one parcel of property for eight other parcels of property; the titles of each party to the property delivered to him or her being accepted in the condition in which they were known and specified to be. Hence there was no resulting purchase money indebtedness to either party. The fact that the subsequently executed deeds were respectively made subject to the existing mortgages, on the properties exchanged which mortgages, by the terms of such deeds were respectively assumed and agreed to be paid by the grantees did not to my mind change the situation. The exchange of properties executed the contract of purchase and sale. So I cannot understand how it can be that Barritt could claim the right to subject any of the property conveyed to Mrs. Swan "for the purchase money thereof" merely because she had not paid the mortgages on the property, which she had assumed and agreed to pay to other parties—the mortgagees. I do not think the original agreement supports that theory. Whether it could have been so drawn as to legally support such a theory, it is hardly necessary for us to decide.