CLARENCE J. STOKES, *et al.*, v. HOME OWNERS LOAN CORPORATION

189 So. 657
Division A
Opinion Filed May 23, 1939
Rehearing Denied June 16, 1939

210

*Paul C. Albritton,* for Appellants;

*Inman P. Crutchfield* and *Harrison E. Barringer,* for Appellee.

BUFORD, J.—On appeal we review order denying motion to dismiss bill of complaint in which it is sought to foreclose a mortgage on real estate dated November 23, 1935.

*Inter alia,* the bill alleges:

"That on November 21, 1935, the said Clarence J. Stokes was appointed guardian of the said Caroline E. Stokes, an insane person, by the County Judge of Sarasota County, Florida; on said date letters of guardianship were issued to the said Clarence J. Stokes; that the said Clarence J. Stokes is the duly qualified and acting guardian of the said Caroline E. Stokes, an insane person.

"II. That on the 3rd day of December, 1935, the said Clarence J. Stokes as guardian of the person and estate of

Caroline E. Stokes. an insane person, by order of the Circuit Court of the Twelfth Judicial Circuit of the State of Florida in and for Sarasota County was authorized, empowered and directed to execute in behalf of the said Caroline E. Stokes a mortgage to the plaintiff to secure payment of the sum of $5,200.00, which order was recorded in the Public Records of Sarasota County, Florida, in Circuit Court Minute Book 11, at page 111.

"III.  That on November 23, 1935, plaintiff loaned the defendants Clarence J. Stokes and Caroline E. Stokes the sum of $5,200.00 and in evidence thereof said defendants made, executed and delivered to plaintiff their promissory note of the same date for said amount, payable to the plaintiff, with interest at the rate of five percentum per annum on the unpaid balance, said principal and interest being payable $41.12 monthly from the date of said note; a copy of said note is hereto attached as Exhibit 'A' and is hereby made a part of this Bill; plaintiff is the owner and holder of said note.

"IV.  That on November 23, 1935, said defendants Clarence J. Stokes and Caroline E. Stokes in order to secure payment of the above described note made, executed and delivered to plaintiff their mortgage deed, therein reciting the indebtedness aforesaid and thereby conveying to plaintiff that certain piece, parcel or tract of land of which said defendants were then seized and possessed, and of which they are now in possession situate in the County of Sarasota and State of Florida, described as follows: Lot 4 of the subdision of Lots 1, 2, 3, and 26, Block 2, Seminole Heights Subdivision, according to plat thereof of record in Plat Book 2 at page 116-A, Public Records of Sarasota County, Florida, —said mortgage deed was recorded on the 23rd day of December, 1935 in the public records of Sarasota County, Florida, in Mortgage Book 73, pages 343-347; a copy

thereof is hereto attached as Exhibit 'B' and is hereby made a part of this bill; plaintiff is the owner and holder of said mortgage."

The bill alleges covenants to pay and default of covenants.

The heart and pith of the motion is found in paragraphs thirteen, fourteen and fifteen of the motion which are as follows:

"THIRTEEN. If the Circuit Court had any jurisdiction to authorize the Guardian to give an effective mortgage upon the real property or estate of Caroline E. Stokes, there is no showing or averment made that such jurisdiction was properly invoked, but, on the contrary, it affirmatively appears that the Circuit Court never had any jurisdiction to enter any order with respect thereto.

"FOURTEENTH. It affirmatively appears that the purported Court proceeding which purports to authorize the execution of said note and mortgage by Clarence J. Stokes as Guardian for Caroline E. Stokes, an insane person, was based upon the provisions of Section 5915 C. G. L. of 1927, and that said statutory provision does not vest the Court with jurisdiction or authority to authorize a guardian of an insane person to execute a mortgage on such insane ward's real property or estate.

"FIFTEENTH. It affirmatively appears that the mortgage purported to have been given and which is the basis of the suit to foreclose in this cause was to all intent and purposes the alienation of the ward's interest in the real property or estate described and it affirmatively appears that no attempt was made by the guardian or the Court to comply with Section 5897 C. G. L., 1927, being Section 3977 R. G. S., 1920, and particularly with respect to the giving of notice by the publication thereof in a newspaper in Sarasota

County of such guardian's intention to make application to the Court for authority to alienate the ward's property."

The mortgage contains the following provision: "This mortgage is executed for and on behalf of Caroline E. Stokes, heretofore adjudicated an insane person who has not been restored to judicial sanity, by Clarence J. Stokes as her duly qualified and acting guardian under and by virtue of authority and direction contained in a certain order heretofore entered in the Circuit Court of the twelfth Judicial Circuit of Florida in and for Sarasota County in a matter entitled *in re* Caroline E. Stokes, an insane person, which said order was duly made and entered on the 3rd day of December, A. D. 1935, and appears of record in Circuit Court Minute Book 11, at page 111, Public Records of Sarasota County, Florida, which said order authorized and directed the execution and delivery of this mortgage for the purpose of procuring from the Home Owners Loan Corporation proceeds for the redemption of the herein described property from the Mutual Trust Life Insurance Company, a former mortgagee and subsequent holder of title to the aforesaid property by conveyance made in consideration of the cancellation of a certain mortgage heretofore held by it and covering the above described property, which said mortgage appears of record in Mortgage Book 52 at page 321, Public Records of Sarasota County, Florida."

The one question presented as stated by appellant is: "Do the averments of the bill of complaint show authority of Clarence J. Stokes, as guardian of Caroline E. Stokes, an insane person, to execute a valid mortgage on behalf of Caroline E. Stokes, an insane person, on her real estate?"

Sections 3977, 3991, 3993 and 3994 R. G. S., 5897, 5913, 5914, 5915 and 5916 C. G. L. provide:

"Sale of real estate of infants.—When any guardian of

the estate of an infant shall have the control or management of any real estate, the property of such infant, and shall think it necessary or expedient to sell the same, it shall and may be lawful for the said guardian to apply either in term time or in vacation, by petition to the county judge or judge of the Circuit Court for the county in which said real estate may be situated, for authority to sell the same, and if the prayer of said petition shall appear to the said judge reasonable and just, he may authorize said guardian to sell said estate under such conditions as the interests of said infant may, in the opinion of the said judge, seem to require. Such authority shall not be granted unless the guardian shall have given previous notice published once a week for four successive weeks in a newspaper published in the county where the application is made, of his intention to make application to such judge for authority to sell the same, setting forth in said notice the time and place and to what judge said application will be made. If the lands lie in more than one county, application shall be made in each county."

"County Judges to appoint guardian of lunatics.—The county judges of this state shall have power to appoint guardians of persons adjudged insane or lunatic, domiciled in this State, whenever it appears necessary and proper, and such guardian shall have and exercise the same powers and duties over and concerning the persons and property of such insane persons and lunatics as may be by law had and exercised by the guardians of infants, and the county judges shall have and exercise the same powers touching such guardians and the property of such insane persons and lunatics as may be by law had and exercised touching the guardians and the property of infants."

"Guardians to give bond. The guardians of insane persons and lunatics shall be required to give the same bonds

and take the same oaths as are required of guardians of infants and file accounts of the administration of their trusts annually in the courts from which they receive their appointment, and otherwise as may be provided by law in cases of other guardians."

"To make contracts. Guardians of idiots and lunatics shall be authorized to make such contracts relative to the persons and estates of such idiots and lunatics as they may deem expedient, but before such contracts shall bind such estates they shall be approved by the judge of the Circuit Court of the circuit in which the letters of guardianship issued."

"Real estate, how sold. The real estate of idiots and lunatics may, upon application of their guardians, be sold in the manner provided for the sale of the real estate of infants."

That a mortgage encumbering real estate is a contract relative to such real estate, cannot be seriously questioned. That the real estate embraced in the instant mortgage was a part of the estate of the insane person under guardianship, is not questioned. But, the Legislature of 1931 enacted Chapter 14836, which is as follows:

"An Act Authorizing the Encumbering, by Way of Lease, Mortgage, or Otherwise, of the Real Estate of an Infant, Insane Person or Lunatic, by the Guardian of such Infant, Insane Person or Lunatic, When Such Encumbrance is Authorized by the County Judge of the County Wherein Such Real Estate is Situated.

"Be It Enacted by the Legislature of the State of Florida:

"Section 1. That any guardian of the estate of an infant, insane person or lunatic, who shall have the control or management of any real estate, the property of such infant, insane person or lunatic, and who shall consider it neces-

sary or expedient to encumber same by mortgage, lease, or otherwise, to maintain and preserve the estate of such infant, insane person or lunatic, may apply by petition to the County Judge of the County where said real estate may be situated, for authority to encumber the same by mortgage, lease or otherwise, and if the prayer of said petition shall appear to said judge reasonable and just, he may authorize the said guardian to encumber said real estate by mortgage, lease or otherwise, under such conditions as the interests of such infant, insane person or lunatic may, in the opinion of said Judge, seem to require, and when the encumbrance is authorized by the said Judge in the manner aforesaid, the same shall be binding on the estate of said infant, insane person or lunatic, and any encumbrance made by any Guardian when not so authorized by said judge as herein provided, shall be of no effect.

"Section 2. Nothing herein shall be construed to in any way affect the present law relative to the sale by guardians of their ward's real estate.

"Section 3. All laws and parts of laws in conflict with this Act are hereby repealed.

"Section 4. This Act shall take effect October 1, 1931."

So it is clear than the Legislature intended to, and did, place the exclusive jurisdiction to authorize guardians to encumber the real estate property of the insane wards of such guardians in the County Judge. So, if the power theretofore was vested in the Circuit Court or in the Circuit Judge, to grant such authority, it was definitely withdrawn by Chapter 14836, *supra,* and the Circuit Judge was without power or authority to make the order as alleged in the bill of complaint.

Chapter 14836, *supra,* is the latest statutory provision fixing jurisdiction and power to authorize guardians to

encumber real estate belonging to their insane wards and that Act in terms provides:

"And if the prayer of said petition shall appear to said Judge reasonable and just, he may authorize the said guardian to encumber said real estate by mortgage, lease or otherwise under such conditions as the interests of such infant, insane person or lunatic may, in the opinion of said Judge, seem to require and when the encumbrance is authorized by the said Judge in the manner aforesaid, the same shall be binding on the estate of said infant, insane person or lunatic, and any encumbrance made by any guardian when not so authorized by said Judge as herein provided, shall be of no effect." This being the clear and unambiguous statutory provision, and there being no contrary constitutional provision, there is no escape from the conclusion that from and after that Act became a law, Circuit Judges have been without power or jurisdiction to enter an order authorizing a guardian of an insane person to encumber the real estate of such ward.

It is contended that the bill of complaint may be maintained against Caroline E. Stokes under the provisions of Section 2, Article XI of the Constitution, but such contention is without merit because the terms of that provision are:

"Section 2. A married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the purchase money thereof or for money or thing due upon any agreement made by her in writing for the benefit of her separate property or for the price of any property purchased by her, or for labor and material used with her knowledge or assent in the construction of buildings or repairs, or improvements upon her property, or for agricultural or other labor bestowed thereon, with her knowledge and consent."

The allegations of the bill of complaint are not sufficient to show such a state of facts as to entitle the complainant to relief within the purview of this section of the Constitution.

We cannot apply the legal principles enunciated by us in Craven v. Hartley, 102 Fla. 282, 135 So. 899, because the bill of complaint does not allege a state of facts upon which to base the application of such principles.

The motion to dismiss as to Caroline E. Stokes should have been granted without prejudice to the appellant filing such other suit as it might be advised for any available relief not based on the alleged mortgage.

For the reasons stated, the order is reversed for further proceedings not inconsistent with the views herein expressed. So ordered.

Reversed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

### ON PETITION FOR REHEARING

PER CURIAM.—This case is before us on petition for rehearing, which petition we have carefully considered.

In the petition for rehearing it is contended, as it was in the original presentation of the case, that the mortgage sought to be foreclosed was not a mortgage on the separate property of the married woman.

The bill of complaint alleges: "That on November 23, 1935, said defendants Clarence J. Stokes and Caroline E. Stokes in order to secure payment of the above described note, made, executed and delivered to plaintiff their mortgage deed, therein reciting the indebtedness aforesaid and

thereby conveying to plaintiff that certain piece, parcel or tract of land of which said defendants were then seized and possessed, and of which they are now in possession, situate in the County of Sarasota and State of Florida, described as follows: Lot 4 of the subdivision of Lots 1, 2, 3, and 26, Block 2, Seminole Heights Subdivision, according to plat thereof of record in Plat Book 2 at page 116-A, Public Records of Sarasota County, Florida.

"Said mortgage deed was recorded on the 23rd day of December, 1935, in the public records of Sarasota County, Florida, in Mortgage Book 73, pages 343-347; a copy thereof is hereto attached as Exhibit 'B' and is hereby made a part of this bill; plaintiff is the owner and holder of said mortgage."

In the bill of complaint the complainant relies upon the lien created by the mortgage and upon that theory the suit has proceeded all the way through.

We have not determined, and do not now determine, whether or not the complainant may proceed to subject the property involved to sale as a married woman's separate property to satisfy complainant's claim, but only hold that the bill of complaint in the instant case is insufficient to warrant the granting of such relief.

Section 2 of Article XI of the Constitution provides:

"Section 2. A married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the purchase money thereof; or for money or thing due upon any agreement made by her in writing for the benefit of her separate property or for the price of any property purchased by her, or for labor and material used with her knowledge or assent in the construction of buildings, or repairs, or improvements upon her property, or for agricultural or other labor bestowed thereon, with her knowledge and consent."

This section of the Constitution does not create a lien but only provides that under certain conditions named in the section a married woman's separate property may be charged in equity and sold for the payment of certain obligations named therein.

*Petition for rehearing is denied.*

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.