INDIA W. SHERIDAN and LEE T. SHERIDAN, her husband,
v. M. T. RESPESS and J. M. ENGLER

3 So. (2nd) 704
Division A
Opinion Filed July 1, 1941
On Rehearing August 1, 1941
Rehearing Denied September 16, 1941

*George M. Powell,* for Appellants;

*James R. Knott,* for Appellee.

BUFORD, J.—Appeal brings for review final decree
establishing an alleged implied lien for the purchase

price of property purchased by the defendant, a married woman, from the plaintiff and to secure the payment for which the married woman, not being joined by her husband, executed pretended notes and mortgage, which she did not pay and which were null and void as her personal obligations.

The allegations of the bill of complaint were sufficient to show that plaintiff could have by prompt action maintained a suit to have established and enforced an implied or equitable lien for the purchase price. (See Rewis v. Williamson, 51 Fla. 259; 41 Sou. 449; McKinnon v. Johnson, 54 Fla. 538, 45 Sou. 451; Aycock Bros. Lbr. Co. v. First National Bank, 54 Fla. 604, 45 Sou. 501; Shaylor v. Cloud, 63 Fla. 608, 57 Sou. 666.) Such a lien, however, does not result from any agreement but is a right given by implication of law and enforceable in equity where the vendor is entitled to it. See Shaylor v. Cloud, *supra*.

In the case of Special Tax School District No. 1 of Orange County, *et al.,* v. Hillman, et al., 131 Fla. 725, 179 Sou. 805, we held:

"Where action of school trustees in giving notes and mortgage for land purchased for erection of school building was *ultra vires* and void because statutory requirements were not complied with, a vendor's lien was not created, but complaining vendors were vested with an equitable lien, in nature of vendor's lien, to secure payment to them of their interest in actual value of property conveyed to school trustees, as distinguished from the agreed purchase price."

And also: "A vendor's lien is enforceable in equity at any time before the remedy at law for recovery of unpaid part of purchase price of land is barred by statute of limitations."

And also: "Where notes and mortgage given by school trustees for purchase price of land on which school building was erected were void for failure to observe statutory requirements, so that vendors were entitled to equitable lien in nature of vendor's lien to secure payment of actual value of land, suit to enforce the equitable lien instituted within three years after school district ceased to pay interest on unpaid balance of purchase price was maintainable, since action at law on debt was not barred by limitations."

The bill of complaint showed that the three-year statute of limitations had expired. The defendant moved to dismiss the bill on that ground, which motion was denied, and the defendant pleaded the statute of limitations.

The court entered a decree adjudicating the establishment of the equitable lien and required the defendant to pay interest on the amount of the lien from the date of the transaction to the date of the decree. This was error.

The allegations of the bill of complaint, however, were sufficient to show that the plaintiff was entitled under the provisions of Section 2, Article XI of the Constitution to charge in equity and sell the described real estate as the married woman's separate property for the purchase money thereof. This provision of the Constitution does not create a lien. See Tallahassee Variety Works v. Brown, 106 Fla. 599, 138 Sou. 759 and 144 Sou. 848; Stokes v. Home Owners Loan Corp., 138 Fla. 209, 189 Sou. 657; Sumner v. Osborne, 101 Fla. 742, 135 Sou. 513; Citizens Bank, etc., v. Smith, 97 Fla. 601, 121 Sou. 600.

That interest may be allowed and charged against the separate property of a married woman in such

cases as this has been settled by this Court in the case of McGill and McGill v. Art Stone Construction Co., 57 Fla. 498, 49 Sou. 539; Gavin v. Watkins, 29 Fla. 151, 10 Sou. 818; Hoffman Construction Co. v. Ward, 97 Fla. 530, 121 Sou. 800; McMillan, *et al.,* v. Warren, 59 Fla. 578, 52 Sou. 825; Brite, *et vir,* v. Orange Belt Securities Co., 133 Fla. 266, 182 Sou. 892.

The three-year statute of limitations is not applicable in a suit to charge in equity and sell a married woman's separate property for the purchase money thereof, because such proceeding is one cognizable exclusively in equity. See Hayes v. Belleair Dev. Co., 120 Fla. 326, 162 Sou. 698, and cases there cited. See also Nuveen v. Board of Public Instruction of Gadsden County, Florida (CCA 5th Circt., 88 Fed. [2] 175).

In this case there never was any enforceable action at law because there was never any binding contract and in such cases as is seen from the authorities cited, the statutes of limitations do not apply but the doctrine of laches may be invoked in proper cases. No such laches is shown in this case as to bar recovery.

For the reasons stated, the decree is reversed and the cause remanded with directions that a decree be entered not inconsistent with the views herein expressed.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.

### ON PETITION FOR REHEARING

WHITFIELD, J.—Each party has filed a petition for rehearing and for a modification of the decree rendered here on appeal from a final decree of the circuit court rendered August 2, 1940.

It is alleged for appellants that after the final de-

cree was made the plaintiffs, appellees here, conveyed all of their right, title, interest and claim in and to the property in controversy without notice to the appellants; therefore the plaintiffs, appellees, can no longer maintain this suit. It is further alleged that appellants, defendants below, were divorced May 13, 1939, before the final decree was rendered and that they have not been again married to each other. It is prayed that the decree here be amended so as to merely reverse the decree appealed from.

For appellees it is alleged that the land has been sold under the decree and later again sold to other parties, and that "This Court has sustained and affirmed the relief granted by the lower court, and has affirmed plaintiffs' right to a sale of the land for the purchase money thereof, although this Court found the descriptive terminology used by the lower court relative to the reason for the relief granted inaccurate—the conclusion reached by the lower court was but proper and correct, but its reason for the conclusion improperly stated.

"Under such circumstances, it is the long established rule of this court to affirm the conclusion of the lower court disregarding the impropriety of the reason given by the lower court for such conclusion."

The transcript of the record brought here on the appeal herein does not show that the defendants were divorced before the final decree below was rendered, or that appellees transferred their interest in the property after the date of such final decree, or that the property was sold under the final decree and thereafter sold to a third party.

The bill of complaint alleges appropriate facts upon which it is claimed and prayed that plaintiffs "are en-

titled to assert a lien upon the property . . . and are entitled to have the same charged in equity and sold for the purchase money thereof."

The decree found the plaintiffs to be entitled "to have an equitable lien on said land," and decrees that the plaintiffs "are entitled to assert, hold and enforce a lien on the land, . . . and are entitled to have the said land charged in equity and sold for the purchase money thereof."

The mere facts that the bill of complaint asserts "a lien upon the property," and that the decree finds the plaintiffs entitled to "an equitable lien on said lands" and adjudges that the complainants are entitled to assert, hold and enforce a lien on the land," do not affect the validity of the decree or even the substantial correctness of the decree which also adjudges that the plaintiffs "are entitled to have the said land charged in equity and sold for the said purchase money thereof," which latter portion of the decree accords with Section 2, Article XI, of the State Constitution. The references to "a lien" and to "an equitable lien" in the bill or in the decree may be regarded as harmless surplusage, the record legally warranting the decree as a charging in equity of the separate property of the married woman as authorized by the Constitution.

This Court has many times in effect held that a decree or judgment of the court below, if correct, will be affirmed though based upon reasons inapplicable to the case as made. See Colcord v. Conroy, 40 Fla. 97, text page 108, 23 So. 561, and authorities cited.

The essential facts alleged and shown in this case and the pleadings warranted a decree subjecting the property of the married woman in equity under the specific provision of the Constitution for the payment

of the purchase price thereof. This being so, the decree should be affirmed pursuant to the requirements of Section 4637 (2918) C. G. L.

The decree in this cause rendered here on July 1, 1941, is vacated and the decree of the circuit court rendered August 2, 1940, is affirmed.

BROWN, C. J., BUFORD and ADAMS, J. J., concurs.